# STATE OF MICHIGAN

# COURT OF APPEALS

Q OIL AND GAS SERVICES LIMITED,

      Plaintiff-Appellant,

v

GENERAL ELECTRIC INTERNATIONAL
OPERATIONS NIGERIA LIMITED,

      Defendant-Appellee.

UNPUBLISHED
December 30, 2014

No. 317602
Wayne Circuit Court
LC No. 12-013251-CZ

Before: RIORDAN, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Plaintiff, Q Oil and Gas Services Limited, appeals as of right the trial court order denying its motion for reconsideration of the order that granted summary disposition in favor of defendant, General Electric International Operations Nigeria Limited. At issue in this case is the recognition of a Nigerian money judgment obtained by default. We affirm.

## I. FOREIGN JUDGMENT

### A. STANDARD OF REVIEW

We review *de novo* a trial court's order granting a motion for summary disposition. *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 280; 807 NW2d 407 (2011). "Issues of statutory interpretation are reviewed de novo." *City of Riverview v Sibley Limestone*, 270 Mich App 627, 630; 716 NW2d 615 (2006).

### B. ANALYSIS

Plaintiff contends that the trial court erred in dismissing the action based on a lack of personal jurisdiction. Defendant contends that the trial court lacked subject-matter jurisdiction because plaintiff's appeal in Nigeria was not final, conclusive, and enforceable.

Even assuming, *arguendo*, that the trial court did not need personal jurisdiction over defendant in order to proceed in a recognition action, summary disposition is warranted pursuant to MCL 691.1133:

-1-

(1) Except as otherwise provided in subsection (2), this act applies to a foreign-country judgment to the extent that both of the following apply:

> (a) The judgment grants or denies recovery of a sum of money.

> (b) Under the law of the foreign country where rendered, the judgment is final, conclusive, and enforceable.

As other courts have recognized in these types of cases, "foreign countries have different standards governing when a judgment is final." *Manco Contracting Co (WWL) v Bezdikian*, 45 Cal 4th 192, 202; 195 P3d 604 (2008). The parties provide scant argument or evidence regarding this issue. In fact, plaintiff does not even mention this issue in its appellate brief. In its response to defendant's motion for summary disposition, plaintiff offered several unsupported statements that the judgment was final and conclusive. It cited to two Nigerian cases for the proposition that an appeal does not automatically warrant a stay in the proceedings. However, those two cases do not illuminate the issue in this case, namely, the implications for finality when a conditional stay was granted, the conditions were not met, but defendant pursued an appeal of the stay, and garnishment efforts have been denied.

On appeal, defendant asserts that it "has appealed from the default judgment of the Nigerian trial court, its appeals remain pending, and the Nigerian courts have stayed execution." Defendant references an affidavit wherein its Nigerian lawyer, Adedapo Tunde-Olowu, averred that the judgment is "not final, binding and conclusive under the laws of Nigeria and will not be enforced in any court in Nigeria until the Defendant's appeal is finally determined by the Court of Appeal." Tunde-Olowu detailed the numerous attempts plaintiff made in trying to obtain a garnishment in Nigeria, none of which succeeded as plaintiff either withdrew the garnishment action or the court dismissed it.

Plaintiff has failed to identify any dispositive Nigerian law regarding the finality of the judgment in this case. Moreover, it was plaintiff's burden to prove this threshold requirement. See MCL 691.1133(3) ("[a] party seeking recognition of a foreign-country judgment has the burden of establishing that this act applies to the foreign-country judgment."). From the record before us, it is impossible to discern whether the judgment at issue is final, conclusive, and enforceable under Nigerian law. Because it was plaintiff's burden to prove finality as a threshold requirement of recognition, we agree with defendant that there is no genuine issue of material fact regarding whether plaintiff is entitled to recognition of the Nigerian judgment. MCL 691.1133(3). Summary disposition is therefore proper based on this alternative ground. See *Jackson Co Hog Producers v Consumers Power Co*, 234 Mich App 72, 82; 592 NW2d 112 (1999) ("This Court may affirm a decision of a trial court for reasons different than those relied on by the trial court.").[1]

## II. CONCLUSION

---

[1] While defendant alternatively contends that summary disposition is proper because it was not properly served, we decline to address this issue as defendant prevails on alternate grounds.

Summary disposition is proper based on plaintiff's failure to demonstrate that under Nigerian law, the judgment is final, conclusive, and enforceable.  We affirm.

/s/ Michael J. Riordan
/s/ Jane M. Beckering
/s/ Mark T. Boonstra