*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

DAISIAN WRIGHT, also known as DAIZION
WRIGHT,

      Plaintiff-Appellee,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN, also known as FARM
BUREAU MUTUAL INSURANCE COMPANY OF
MICHIGAN,

      Defendant-Appellant.

UNPUBLISHED
May 7, 2020

No. 347112
Washtenaw Circuit Court
LC No. 17-000160-NF

Before: MURRAY, C.J., and RONAYNE KRAUSE and TUKEL, JJ.

PER CURIAM.

In this action for personal protection insurance (PIP) benefits arising out of a motor vehicle accident in which plaintiff, Daisian Wright, sustained injuries, defendant, Farm Bureau General Insurance Company of Michigan, appeals by delayed leave granted[1] the trial court's order denying summary disposition in favor of defendant. This appeal is being decided without oral argument pursuant to MCR 7.214(E)(1). We reverse and remand for the trial court to enter an order of summary disposition for defendant.

## I. UNDERLYING FACTS

Plaintiff was involved in an automobile accident on April 7, 2016; as a result of the crash she suffered injuries that prevented her from going to work. Because she did not have any automobile insurance of her own, plaintiff completed, signed, and submitted an application for PIP benefits to the Michigan Automobile Insurance Placement Facility (MAIPF). Plaintiff's claim for benefits was subsequently assigned to Farm Bureau through the Michigan Assigned Claims Plan

---

[1] *Wright v Farm Bureau Gen Ins Co of Mich*, unpublished order of the Court of Appeals, entered January 18, 2019 (Docket No. 347112).

(MACP).  When completing the application, plaintiff checked boxes indicating that she "reviewed the application in its entirety and attest that the information contained therein is true and accurate" and that she had read the fraud warning.  The fraud warning in the application provided:

> A person who presents or causes to be presented an oral or written statement, including computer-generated information, as part of or in support of a claim to the Michigan Assigned Claims Plan maintained by the Michigan Automobile Insurance Placement Facility for payment or any other benefit knowing that the statement contains false information concerning a fact or thing material to the claim commits a fraudulent insurance act under section 4503 of the insurance code that is subject to the penalties imposed under section 4511. **A claim that contains or is supported by a fraudulent insurance act as described in this subsection is ineligible for payment or benefits under the Assigned Claims Plan.**

In her application, plaintiff claimed that she was employed at IHOP and Marshalls at the time of the accident.  Plaintiff additionally claimed that she missed work because of her injuries and that she had a note from her doctor stating that she should be able to return to work on May 9, 2016.  Plaintiff then filed a claim against defendant for PIP benefits in February 2017.  During the course of those proceedings, plaintiff was deposed.  In her deposition, plaintiff testified that she was employed at IHOP and Marshalls at the time of the accident.  Regarding her employment at IHOP, plaintiff testified that she began working at IHOP as a hostess in January 2016 and that she worked all weekends from 9:00 a.m. to about 6:00 p.m.  Plaintiff testified that she initially was paid $8.75 per hour, but that she had received a raise so at the time of the accident she was paid $9 per hour.

Defendant contacted Kal Farah, the owner and operator of the IHOP where plaintiff claimed she worked.  Farah averred that plaintiff resigned from IHOP on March 27, 2016 and that she was not employed at IHOP on the day of the accident.  Additionally, defendant obtained an electronic spreadsheet from Farah showing employee hours worked and compensation from February 6, 2016 to April 10, 2016.  The spreadsheet showed that plaintiff's last day of work was March 27, 2016, she was only ever paid $8.50 per hour, and that she never worked more than 5.88 hours in an individual shift.[2]

Based on this information, defendant moved for summary disposition under MCR 2.116(C)(10) and argued that plaintiff's claim for PIP benefits should be denied because it was based, at least in part, on fraudulent statements about her employment at IHOP.  The trial court denied plaintiff's motion for summary disposition.  This appeal followed.

---

[2] If plaintiff started work at 9:00 a.m., a 5.88 hour shift would end at 3:53 p.m.  Furthermore, plaintiff worked anywhere between 2.85 and 5.88 hours per day, for an average of 4.20 hours per day worked.

## II. ANALYSIS

Defendant argues that the trial court improperly denied its motion for summary disposition. We agree.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 205-206; 815 NW2d 412 (2012). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). Summary disposition "is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id.* "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). "Only the substantively admissible evidence actually proffered may be considered." *1300 LaFayette East Coop, Inc v Savoy*, 284 Mich App 522, 525; 773 NW2d 57 (2009) (quotation marks and citation omitted). "Circumstantial evidence can be sufficient to establish a genuine issue of material fact, but mere conjecture or speculation is insufficient." *McNeill-Marks v Midmichigan Med Ctr-Gratiot*, 316 Mich App 1, 16; 891 NW2d 528 (2016).

The moving party has the initial burden to support its claim with documentary evidence, but once the moving party has met this burden, the burden then shifts to the nonmoving party to establish that a genuine issue of material fact exists. *AFSCME v Detroit*, 267 Mich App 255, 261; 704 NW2d 712 (2005). Additionally, if the moving party asserts that the nonmovant lacks evidence to support an essential element of one of his or her claims, the burden shifts to the nonmovant to present such evidence. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016).

Finally, "[i]ssues of statutory interpretation are reviewed de novo." *City of Riverview v Sibley Limestone*, 270 Mich App 627, 630; 716 NW2d 615 (2006). "Statutory provisions must be read in the context of the entire act, giving every word its plain and ordinary meaning. When the language is clear and unambiguous, we will apply the statute as written and judicial construction is not permitted." *Driver v Naini*, 490 Mich 239, 246-247; 802 NW2d 311 (2011).

MCL 500.3173a(2), as amended by 2012 PA 214, applies to claims submitted under the MAIPF and states as follows:

> A person who presents or causes to be presented an oral or written statement, including computer-generated information, as part of or in support of a claim to the Michigan automobile insurance placement facility for payment or another benefit knowing that the statement contains false information concerning a fact or thing material to the claim commits a fraudulent insurance act under section 4503 that is subject to the penalties imposed under section 4511. A claim that contains or is supported by a fraudulent insurance act as described in this subsection is ineligible for payment or benefits under the assigned claims plan.

In *Candler v Farm Bur Mut Ins Co of Mich*, 321 Mich App 772, 779-780; 910 NW2d 666 (2017), this Court explained what constitutes "a fraudulent insurance act" in former MCL 500.3173a(2):

> [A] person commits a fraudulent insurance act under this statute when (1) the person presents or causes to be presented an oral or written statement, (2) the statement is part of or in support of a claim for no-fault benefits, and (3) the claim for benefits was submitted to the MAIPF. Further, (4) the person must have known that the statement contained false information, and (5) the statement concerned a fact or thing material to the claim. [*Id*. (footnote omitted)]

For purposes of former MCL 500.3173a(2), a plaintiff's "claim" refers to the *entire* claim, not just the specific PIP benefits sought based on any specific information. *Id*. at 779-780, 782. See also former MCL 500.3173a(2) ("A claim that contains or is supported by a fraudulent insurance act as described in this subsection is ineligible for payment or benefits under the assigned claims plan."). Finally, "[a] statement is material if it is reasonably relevant to the insurer's investigation of a claim." *Bahri v IDS Prop Casualty Ins Co*, 308 Mich App 420, 425; 864 NW2d 609 (2014).

In this case, plaintiff filled out and signed forms in addition to testifying at a deposition regarding her income and employment at IHOP. Upon discovery, defendant exposed the falsehood of those statements in that plaintiff did not work at IHOP at the time of the accident and that she lied about how much she worked and was paid when she did work at IHOP. Each of these factors would have affected how much she could have collected in lost wages from defendant.

Addressing the elements of "a fraudulent insurance act" outlined in *Candler*, 321 Mich App at 779-780, first, plaintiff submitted a signed application to the MACP that contained statements about income that plaintiff was allegedly earning at IHOP at the time of the accident and she made statements mirroring those statements at her deposition. Consequently, this act alone fulfilled the first three prongs of the "fraudulent insurance act" test in *Candler*. See *id*.

As for the final two prongs of the test, plaintiff must have known that she resigned from IHOP before the accident. Furthermore, she also must have known that she was paid $8.50 per hour, not $9.00 per hour as she claimed, and that she did not actually work from 9:00 a.m. to 6:00 p.m. on a regular basis. Indeed, the employment logs defendant obtained showed that defendant never worked more than 5.88 hours on a given day from February 6, 2016 to April 10, 2016. Finally, plaintiff's false statements would have affected how much she could have recovered in lost wages. As such, these statements were material. See *Bahri*, 308 Mich App at 425 ("A statement is material if it is reasonably relevant to the insurer's investigation of a claim."). Thus, plaintiff committed a fraudulent insurance act when she applied for PIP benefits and made erroneous statements about her employment at IHOP. See *Candler*, 321 Mich App at 779-780.

This case also does not present an issue of credibility because plaintiff offered no proof of the veracity of her claims in the face of extensive proof of their fiction. Similarly, there is no genuine issue of material fact whether plaintiff was employed by IHOP at the time of the accident because no reasonable minds could differ that plaintiff was not employed at IHOP at the time of the accident, or that plaintiff knowingly and intentionally misstated facts to support her lost wage

claims. See *Allison*, 481 Mich at 425. As such, the trial court erred by denying defendant's motion for summary disposition.

## III. CONCLUSION

Plaintiff's fraudulent insurance act prohibits her from collecting *any* PIP benefits from defendant. See *Candler*, 321 Mich App at 779-780, 782. We reverse the trial court's order denying defendant's motion for summary disposition and remand for the trial court to enter an order of summary disposition for defendant. We do not retain jurisdiction. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Christopher M. Murray
/s/ Amy Ronayne Krause
/s/ Jonathan Tukel