*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HASSAN FAYAD and SPINE & HEALTH, PLLC,

        Plaintiffs/Counterdefendants-
        Appellants,

v

NICOLE MICHELLE WEICK,

        Defendant-Appellee,

and

CITIZENS INSURANCE COMPANY OF THE
MIDWEST and LIBERTY MUTUAL INSURANCE
COMPANY,

        Intervening
        Defendants/Counterplaintiffs-
        Appellees.

UNPUBLISHED
March 2, 2023

No. 357800
Wayne Circuit Court
LC No. 20-013275-CB

Before: RICK, P.J., and M. J. KELLY and RIORDAN, JJ.

PER CURIAM.

Plaintiffs, Hassan Fayad and Spine & Health, PLLC ("Spine & Health"), brought this action against defendant Nicole Weick, a former employee of Spine & Health, alleging that Weick made defamatory statements about them and violated a confidentiality agreement with Spine & Health when she participated as a witness and offered testimony in other cases involving litigation of claims under Michigan's no-fault insurance act. The court enjoined Weick from testifying in other cases while this case was pending. Plaintiffs moved for summary disposition against Weick under MCR 2.116(C)(10) (no genuine issue of material fact). While the motion was pending, Liberty Mutual Insurance Company ("Liberty Mutual") and Citizens Insurance Company of the Midwest ("Citizens Insurance") both moved to intervene as defendants, alleging that plaintiffs' lawsuit against Weick was impacting other litigation involving both insurance companies. The trial court granted the motions to intervene and permitted Liberty Mutual and Citizens Insurance

to respond to plaintiffs' motion for summary disposition against Weick, who had not responded and was not represented by counsel. The court subsequently denied plaintiffs' motion for summary disposition and granted summary disposition in favor of Weick and the intervening insurance companies under MCR 2.116(I)(2). Plaintiffs now appeal as of right, and we affirm.

## I. SUMMARY DISPOSITION

Plaintiffs first argue that the trial court erred by denying their motion for summary disposition. We disagree.

A trial court's decision on a motion for summary disposition is reviewed de novo. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). Plaintiffs moved for summary disposition under MCR 2.116(C)(10). A motion under MCR 2.116(C)(10) tests the factual support for a claim. A court must consider the pleadings, affidavits, depositions, admissions, and any other documentary evidence submitted by the parties, and view that evidence in the light most favorable to the nonmoving party to determine if a genuine issue of material fact exists. MCR 2.116(G)(5); *Maiden v Rozwood,* 461 Mich 109, 118-120; 597 NW2d 817 (1999). Summary disposition is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). "If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party." MCR 2.116(I)(2).

Although Weick did not respond to plaintiffs' motion for summary disposition, the trial court, after considering plaintiffs' motion, the evidence before the court, and the responses filed by the intervening insurance companies, denied plaintiffs' motion and granted summary disposition of favor of Weick and the intervening insurance companies under MCR 2.116(I)(2). The court gave several reasons for its decision, including that: (1) Weick's allegedly defamatory statements were given under oath in other judicial proceedings and, as such, were absolutely privileged; (2) statements given under oath at a deposition also could not support claims for breach of the confidentiality agreement, tortious interference with a business relationship, and negligence; (3) the confidentiality agreement submitted by plaintiffs was limited in scope to the disclosure of proprietary information and plaintiffs failed to identify any proprietary information that Weick disclosed; (4) to the extent that Weick's statements disclosed illegal activity by plaintiffs, public policy prevents plaintiffs from prohibiting the disclosure of such information; and (5) the alleged confidentiality agreement documentation submitted by plaintiffs was deficient in several respects, and therefore, failed to establish an enforceable contract.

Plaintiffs' sole argument with respect to this issue is that they were entitled to summary disposition because Weick, the adverse party, did not file a response to their motion. In support of their argument, plaintiffs cite MCR 2.116(G)(4), which provides:

> A motion under subrule (C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact. When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth

specific facts showing that there is a genuine issue for trial. *If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her.* [Emphasis added.]

Contrary to plaintiffs' argument, MCR 2.116(G)(4) does not require a trial court to grant summary disposition in favor of the moving party whenever the nonmoving party fails to respond to the motion. As is made clear by the last sentence in MCR 2.116(G)(4), judgment should be entered against the nonmoving party only "if appropriate." This language requires the trial court to evaluate the merits of the moving party's motion to determine if judgment is appropriate, notwithstanding the nonmoving party's failure to respond to the motion.

This was a unique case in which the trial court specifically allowed Citizens Insurance and Liberty Mutual to intervene and to respond to plaintiffs' motion, given that they could be affected by a judgment entered against Weick. Thus, the trial court had the benefit of the intervening defendants' responses in determining whether it was appropriate to grant plaintiffs' motion for summary disposition. As noted, the trial court gave several reasons for rejecting the merits of plaintiffs' claims and granting summary disposition in favor of Weick and the intervening insurance defendants under MCR 2.116(I)(2). Plaintiffs do not address any of the court's reasons in their brief on appeal. Plaintiffs' failure to address the merits of the trial court's decision to deny plaintiffs' motion for summary disposition and to grant summary disposition in favor of Weick and the intervening defendants precludes appellate relief with respect to this issue. *City of Riverview v Sibley Limestone*, 270 Mich App 627, 638; 716 NW2d 615 (2006).

## II. INTERVENTION

Plaintiffs also argue that the trial court erred by granting Liberty Mutual's and Citizens Insurance's motions to intervene. We disagree.

"This Court reviews a trial court's decision on a motion to intervene for an abuse of discretion." *Kuhlgert v Mich State Univ*, 328 Mich App 357, 377; 937 NW2d 716 (2019) (citation omitted). "An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes." *Id.* at 377-378 (citation omitted). Any issues requiring statutory interpretation are reviewed de novo. *Brightmoore Gardens, LLC v Marijuana Regulatory Agency*, 337 Mich App 149, 160; 975 NW2d 52 (2021).

MCR 2.209(A) and (B) provide:

> **(A) Intervention of Right**. On timely application a person has a right to intervene in an action:
>
> (1) when a Michigan statute or court rule confers an unconditional right to intervene;
>
> (2) by stipulation of all the parties; or
>
> (3) when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to

protect that interest, unless the applicant's interest is adequately represented by existing parties.

>   **(B) Permissive Intervention**.  On timely application a person may intervene in an action
>
>   (1) when a Michigan statute or court rule confers a conditional right to intervene; or
>
>   (2) when an applicant's claim or defense and the main action have a question of law or fact in common.
>
>   In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The trial court explained as follows its decision to allow the insurance companies to intervene:

> [T]he Court does find that Liberty Mutual and Citizens does have an interest in this litigation because this action may impair or impede their ability to protect their interest and their interest is not being adequately protected, given that the defendant is in pro per and, even under permissive inter—that would be under Michigan Court Rule 2.209(A), intervention by right, and under intervention—permissive intervention, I do think that the applicants' claims or defenses and their actions and the claims and defenses in this action do have a—some questions of fact in common and it would be only just and fair to allow them to intervene to file a response for the upcoming motion for summary disposition of [sic] the Court can see the whole picture and make a ruling.  It's highly unusual and I've never seen it before, you know, to have an injunction to prevent someone from testifying, you know, in depositions for, you know, third-party cases and, you know, since it was a stipulated order that was presented to me, unfortunately, it was a motion initially heard by Judge Groner.  So I—I think that even that, it does, obviously, affect other parties. I mean, we have an order in this case, regarding all the party's [sic] ability to do discovery.  So they definitely should be permitted in, as well and, for that reason and for the reasons I stated.  So, I'm gonna let them intervene.  That intervention order should indicate, as I said, for the purposes of responding to this motion for summary disposition, and also addressing the order for injunction.  Discovery will not be permitted un—unless requested by the Court.

The trial court cited MCR 2.209(A), and its reasoning indicates that it relied on MCR 2.209(A)(3).  The subject of plaintiff's action involved statements by Weick concerning plaintiffs, offered in other litigation in which Liberty Mutual and Citizens Insurance were defending claims for reimbursement of medical expenses for healthcare services provided by plaintiffs.  Liberty Mutual and Citizens Insurance demonstrated that the disposition of plaintiffs' action could impair or impede their efforts to defend against those claims because Weick had information that was material to a defense of the other claims and plaintiffs were seeking to permanently enjoin Weick from participating as a witness and testifying in the other cases.

Furthermore, Weick had not answered plaintiffs' motion for summary disposition, so the insurance companies' interests were not being adequately represented by Weick. Under these circumstances, the trial court did not abuse its discretion by finding that the requirements of MCR 2.209(A)(3) were satisfied, and thereby allowing Citizens Insurance and Liberty Mutual to intervene.

The trial court also briefly referred to permissive intervention under MCR 2.209(B). The court indicated that it believed that there were some common claims and defenses in this action and the other actions in which the intervening insurers sought to have Weick participate as a witness. According to the record, efforts were made to preclude Weick from offering testimony about plaintiffs in other cases in which Liberty Mutual and Citizens Insurance were defending claims on the basis of the confidentiality agreement with Spine & Health. Whether that agreement could be applied to foreclose such testimony was an issue of fact and law in common with this case. Thus, MCR 2.209(B)(2) also supports the trial court's decision to allow Liberty Mutual and Citizens Insurance to intervene in this case.

Plaintiffs argue, however, that intervention was still inappropriate because this case was assigned to the business court and the insurance companies were seeking to intervene for a purpose not permitted in business court matters. We disagree.

MCL 600.8033 allows circuit courts to establish business courts to handle business and commercial disputes to promote efficiency, accuracy, and consistency in handling litigation affecting businesses. "A business court has jurisdiction over business and commercial disputes in which equitable or declaratory relief is sought or in which the matter otherwise meets circuit court jurisdictional requirements." MCL 600.8035(1). The types of actions that can qualify as a "business or commercial dispute" are addressed in MCL 600.8031, which provides, in relevant part:

> (1) As used in this section to section 8047:
>
> (a) "Business court" means a special docket as described and organized under section 8033 and administered as provided in this section to section 8047.
>
> (b) "Business enterprise" means a sole proprietorship, partnership, limited partnership, joint venture, limited liability company, limited liability partnership, for-profit or not-for-profit corporation or professional corporation, business trust, real estate investment trust, or any other entity in which a business may lawfully be conducted in the jurisdiction in which the business is being conducted. Business enterprise does not include an ecclesiastical or religious organization.
>
> (c) "Business or commercial dispute" means any of the following:
>
> (*i*) An action in which all of the parties are business enterprises, unless the only claims asserted are expressly excluded under subsection (3).
>
> (*ii*) An action in which 1 or more of the parties is a business enterprise and the other parties are its or their present or former owners, managers, shareholders, members of a limited liability company or a similar business organization,

-5-

directors, officers, agents, employees, suppliers, guarantors of a commercial loan, or competitors, and the claims arise out of those relationships.

(*iii*) An action in which 1 of the parties is a nonprofit organization, and the claims arise out of that party's organizational structure, governance, or finances.

(2) Business or commercial disputes include, but are not limited to, the following types of actions:

(a) Those involving the sale, merger, purchase, combination, dissolution, liquidation, organizational structure, governance, or finances of a business enterprise.

(b) Those involving information technology, software, or website development, maintenance, or hosting.

(c) Those involving the internal organization of business entities and the rights or obligations of shareholders, partners, members, owners, officers, directors, or managers.

(d) Those arising out of contractual agreements or other business dealings, including licensing, trade secret, intellectual property, antitrust, securities, noncompete, nonsolicitation, and confidentiality agreements if all available administrative remedies are completely exhausted, including, but not limited to, alternative dispute resolution processes prescribed in the agreements.

(e) Those arising out of commercial transactions, including commercial bank transactions.

(f) Those arising out of business or commercial insurance policies.

(g) Those involving commercial real property.

(3) Notwithstanding subsections (1) and (2), business or commercial disputes expressly exclude the following types of actions:

\* \* \*

(l) Motor vehicle insurance coverage under the insurance code of 1956, 1956 PA 218, MCL 500.100 to 500.8302.

(m) Insurance coverage disputes in which an insured or an alleged insured is an individual consumer.

Plaintiffs argue that Liberty Mutual's and Citizens Insurance's motions to intervene involved an insurance dispute, which is expressly excluded from a business court's jurisdiction under MCL 600.8031(3), and, therefore, intervention was not appropriate for that reason. We disagree.

First, although the other cases in which Weick sought to testify involved insurance coverage disputes, the present case did not involve an insurance dispute. Rather, this case involved plaintiff's efforts to enjoin Weick's testimony in the other cases. Liberty Mutual and Citizens Insurance were not attempting to litigate any insurance coverage claims or disputes by intervening in this matter. Rather, their role as intervenors was limited to rebuffing plaintiffs' efforts to prohibit Weick from participating as a witness and testifying about plaintiffs' conduct in other cases. In sum, Liberty Mutual and Citizens Insurance did not seek to intervene for a purpose subject to the exclusions in MCL 600.8031(3).

Second, even if Liberty Mutual's and Citizens Insurance's motions to intervene involved claims excluded under MCL 600.8031(3), that would not prevent the claims from being adjudicated in business court. This action was already assigned to the business court on the basis of plaintiffs' allegations against Weick. MCL 600.8035(3) provides:

> An action must be assigned to a business court if all or part of the action includes a business or commercial dispute. An action that involves a business or commercial dispute that is filed in a court with a business docket must be maintained in a business court although it also involves claims that are not business or commercial disputes, including excluded claims under section 8031(3).

Plaintiffs do not dispute that their action against Weick involved a business or commercial dispute that was properly assigned to the business court. The intervening defendants sought to participate in this action, not to advance new claims, but to assist Weick in defending the allegations against her. But regardless, even if the intervening defendants' joinder implicated a purpose excluded under MCL 600.8031(3), that purpose would not preclude the case from being maintained in business court under MCL 600.8035(3). Accordingly, the fact that this case was assigned to business court did not preclude the trial court from considering or granting Citizens Insurance's and Liberty Mutual's motions to intervene.

Affirmed. Defendant and intervening defendants, being the prevailing parties, may tax costs under MCR 7.219.

/s/ Michelle M. Rick
/s/ Michael J. Kelly
/s/ Michael J. Riordan