*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EDDIE KABACINSKI,

       Plaintiff-Appellant,

v

CITY OF WARREN ELECTION COMMISSION,
CITY OF WARREN CLERK SONJA DJOROVIC
BUFFA, CITY OF WARREN ASSESSOR
JENNIFER CZEISZPERGER, CITY OF WARREN
ATTORNEY ETHAN VINSON, CANDIDATE
HENRY LORING NEWNAN, CANDIDATE
BRITTANI NICOLE TRINGALI, and
CANDIDATE JAY MICHAEL JACKSON,

       Defendants-Appellees.

UNPUBLISHED
March 28, 2024

No. 367746
Macomb Circuit Court
LC No. 2023-002762-AA

Before: GARRETT, P.J., and RIORDAN and LETICA, JJ.

PER CURIAM.

Throughout the brief duration of the trial court proceedings, plaintiff Eddie Kabacinski was the duly elected councilman for the 5th district in Warren and sought reelection to that office. After placing behind Henry Newnan, Brittani Tringali, and Jay Jackson (collectively, the candidate defendants) in the August 2023 primary election, Kabacinski filed a lawsuit for superintending control. He sought to compel the City of Warren Election Commission and City of Warren Clerk, Sonja Djorovic Buffa, (collectively, the city defendants) to exclude the candidate defendants from the results of the primary election and certify that he was the only eligible and qualified candidate for purposes of the general election.

The trial court dismissed Kabacinski's complaint for failure to comply with the rules outlined in MCR 3.302. On appeal, Kabacinski's claims of error are largely incomprehensible, so we conclude that his entire appeal has been abandoned. Even if we reviewed the trial court's decision to dismiss on its merits, we would conclude that the court reached the right result because Kabacinski's claim was barred by the doctrine of laches. We therefore affirm.

# I. BACKGROUND[1]

In 2023, Kabacinski and the candidate defendants were all running for election to Warren's city council for the 5th district. On the basis of information acquired from various online sources, Kabacinski came to believe that the candidate defendants were each ineligible to serve as city council members. Kabacinski alleges that he submitted timely challenges about the candidate defendants' eligibility to the city defendants, but the city defendants refused to hold a public hearing to resolve his challenges. The candidate defendants appeared on the primary election ballot, and each candidate defendant received more votes than Kabacinski.

Shortly after the primary election, Kabacinski filed his complaint for superintending control. He alleged that the inclusion of ineligible and unqualified candidates in the primary election constituted criminal fraud and that the city defendants violated several duties imposed on them by the city charter. In light of the city defendants' failure to address his challenges, Kabacinski asked the trial court to order the city defendants to remove the candidate defendants from the results of the primary election and certify him as the only remaining eligible candidate for the 5th district city council seat.

The trial court held a brief hearing on Kabacinski's complaint 18 days after it was filed. In a written opinion and order entered the same day, the trial court dismissed the complaint based on Kabacinski's lack of compliance with the procedural and substantive rules outlined under MCR 3.302." The court noted that Kabacinski "appear[ed] to be a candidate for reelection dissatisfied with the August 9, 2023 primary election results" who was "attempting to use a legal forum to address political grievances." Kabacinski now appeals as of right.

# II. MOOTNESS

We begin with mootness, "a threshold issue that must be addressed before any substantive issues in a case." *Davis v Secretary of State*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 362841); slip op at 8. "An issue is moot if an event has occurred that renders it impossible for the court to grant relief." *Barrow v Wayne Co Bd of Canvassers*, 341 Mich App 473, 483; 991 NW2d 610 (2022) (cleaned up). As is often the case in election-related disputes, the general election took place while this matter worked its way through the appellate system. In pertinent part, Kabacinski sought an order directing the city defendants to remove the candidate defendants from the results of the primary election and certify that he was the only remaining

---

[1] We note that the record before this Court is limited; the only substantive documents are Kabacinski's complaint, a transcript from a hearing before the trial court, and the opinion and order dismissing the complaint. The parties have proffered several additional documents with their appellate briefs. We decline to review those documents, as doing so would constitute an impermissible expansion of the record. See *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002) ("This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal.").

eligible and qualified candidate for the general election. Because we can no longer craft a remedy that would change the candidates who appeared on the general election ballot, this issue is moot.[2]

Ordinarily, we do not decide a moot issue unless "it is publicly significant, likely to recur, and yet likely to evade judicial review." *Id*. at 482-483 (cleaned up). This exception is commonly applied in cases involving election-related issues because "the strict time constraints of the election process necessitate that, in all likelihood, such challenges often will not be completed before a given election occurs, rendering the discussion . . . moot before appellate review." *Gleason v Kincaid*, 323 Mich App 308, 316; 917 NW2d 685 (2018). See also *Davis*, ___ Mich App at ___; slip op at 8-9 ("But legal questions affecting election ballots . . . are the classic example of an issue that the courts will nevertheless review as matters of public significance that are likely to recur yet evade judicial review."). Broadly, Kabacinski's appeal involves challenges to a candidate's eligibility for office, the type of moot issue that this Court often considers on its merits. See, e.g., *Gleason*, 323 Mich App at 315-316; *Nykoriak v Napoleon*, 334 Mich App 370, 384 n 4; 964 NW2d 895 (2020); *Davis*, ___ Mich App at ___; slip op at 8-9. Thus, we will not decline review of Kabacinski's appeal on mootness grounds, even though it is impossible at this point to grant the relief that he requested.

## III. DISMISSAL OF COMPLAINT

We sit as an error-correcting court. *Apex Laboratories Int'l Inc v Detroit*, 331 Mich App 1, 10; 951 NW2d 45 (2020). As the appellant, Kabacinski has the burden to establish that the trial court erred when it dismissed his complaint. See *Redmond v Heller*, 332 Mich App 415, 435 n 9; 957 NW2d 357 (2020). To meet this burden, we generally require appellants to provide authority in support of their arguments on appeal. See MCR 7.212(C)(7). As we have often repeated, "[a]n appellant may not merely announce a position then leave it to this Court to discover and rationalize the basis for the appellant's claim; nor may an appellant give an issue only cursory treatment with little or no citation of authority." *Pegasus Wind, LLC v Tuscola Co*, 340 Mich App 715, 754; 988 NW2d 17 (2022) (cleaned up). Because Kabacinski has represented himself throughout this litigation, we give a "more generous and lenient construction" to his court filings than we might otherwise give to filings prepared by a lawyer. *Hein v Hein*, 337 Mich App 109, 115; 972 NW2d 337 (2021). But even affording far greater leniency to Kabacinski, it is nearly impossible to understand the arguments made in his brief on appeal. His brief fails to provide meaningful legal arguments or analysis about why the trial court erred by dismissing his complaint or why he had a right to superintending control. We therefore conclude that Kabacinski has abandoned review of his appeal. See *Pegasus Wind*, 340 Mich App at 754.

Even if we overlooked these briefing deficiencies and attempted to discern Kabacinski's arguments, we would still affirm the dismissal of his complaint.[3] The trial court reached the right

---

[2] Kabacinski also sought monetary damages, but we cannot discern any argument about monetary damages in his appellate brief.

[3] In support of its decision to dismiss, the trial court cited MCR 3.302(E)(3)(a)(*iii*), which allows dismissal "[a]fter the filing of a complaint and answer or, if no answer is filed, after expiration of the time for filing an answer . . . ." MCR 3.302(E)(3)(a). When the trial court issued its order of

result because Kabacinski's claim was barred by the equitable doctrine of laches.[4]  This doctrine applies in all actions involving a request for equitable relief.  *Nykoriak*, 334 Mich App at 383; MCL 600.5815.  Laches bars a claim when "there is an unexcused or unexplained delay in commencing an action and a corresponding change of material condition that results in prejudice to a party."  *Nykoriak*, 334 Mich App at 383 (cleaned up).  Put differently, "[l]aches is an equitable tool that may be used to remedy the inconvenience or prejudice caused to a party because of an improper delay in asserting a right."  *Davis*, ___ Mich App at ___; slip op at 9.  Laches is commonly applied in cases challenging a candidate's eligibility for elective office because such matters are "especially prone to causing profound harm to the public and to the integrity of the election process the closer in time those challenges are made to the election."  *Id*.

Kabacinski's complaint contends that he was entitled to superintending control because the Warren Election Commission failed to hold a hearing on his candidate challenges, resulting in alleged election fraud on the basis of ineligible candidates receiving votes in the primary election.[5]  Kabacinski purportedly submitted his challenges to the Commission on May 5, 2023, and he alleges that a hearing on his challenges was cancelled on May 26, 2023.  Kabacinski waited 12 weeks after that cancellation to file this lawsuit on August 18, 2023.  During that 12-week period, the candidate defendants likely expended time, energy, and financial resources campaigning; the primary election took place; and the citizens of Warren's 5th district cast votes for their preferred candidates, including the candidate defendants.

Kabacinski theorized below that he could not have filed this action until the alleged fraud took place—that is, when the candidate defendants received votes in the primary election and ultimately prevailed over him.  Kabacinski's position reflected a fundamental misunderstanding of the remedy he sought.  The purpose of a superintending control action is to compel performance of a clear legal duty.  *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 259 Mich App 315, 346-347; 675 NW2d 271 (2003).  The occurrence of alleged fraud is not a precondition to seeking superintending control.  To the contrary, had Kabacinski brought his lawsuit earlier and

---

dismissal, no answers had been filed and the time for doing so had not expired.  See MCR 2.108(A)(2) and (B).  Yet MCR 3.302(3)(b) provides that "[i]f a need for immediate action is shown, the court may enter an order before an answer is filed."  Because we are affirming on alternative grounds, we need not decide whether the trial court was justified in dismissing Kabacinski's complaint under MCR 3.302.

[4] This argument was advanced by multiple defendants on appeal.  An appellee is free to advance alternative grounds for affirming, but such grounds must have been preserved before the trial court.  *Riverview v Sibley Limestone*, 270 Mich App 627, 633 n 4; 716 NW2d 615 (2006).  Jackson and Newnan argued at the trial court hearing that laches barred Kabacinski's claim, so this issue is preserved.  See *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020).

[5] We note, however, that lawsuits challenging election officials' compliance with clear legal duties are more often brought in the form of mandamus proceedings.  See, e.g., *Barrow*, 341 Mich App at 484; *Barrow v Detroit Election Comm*, 301 Mich App 404; 836 NW2d 498 (2013).  We offer no opinion on whether superintending control was the appropriate vehicle for pursuing relief against the city defendants relative to their election-related duties.

obtained a judicial determination that the candidate defendants were ineligible for office, our precedent suggests that the Commission would have had a clear legal duty to exclude the candidate defendants from the primary election. See *Barrow v Detroit Election Comm*, 301 Mich App 404, 407-412; 836 NW2d 498 (2013) (affirming lower court decision that ordered city election commission to remove ineligible candidate from the list of names certified for placement on the primary election ballot because the commission had a clear statutory duty to submit only the names of eligible candidates). Although *Barrow* involved mandamus, rather than superintending control, its holding shows that Kabacinski could have pursued his challenges in court long before the primary election took place. Because Kabacinski did not have an appropriate basis for the 12-week delay in initiating this action and there was a change of material conditions that prejudiced defendants, laches barred his claim. See *Nykoriak*, 334 Mich App at 383. The trial court therefore reached the right result when it dismissed Kabacinski's complaint.

IV. MOTION TO WAIVE FEES

The only other matter that requires consideration is Newnan's contention that Kabacinski misrepresented his income on the motion to waive appellate fees submitted with his claim of appeal. Newnan asserts that Kabacinski was still a city council member when he filed his motion, yet failed to disclose the income he received in that role. Newnan asks this Court to take no action in this appeal until the necessary fees are paid, dismiss the appeal if such fees are not paid promptly, and consider sanctions for filing a false declaration under MCR 1.109(E)(5).[6]

MCR 7.219(G) allows a person who is unable to pay filing fees required by this Court to seek waiver of such fees by "filing a motion and an affidavit disclosing the reason for the inability." Kabacinski submitted such a motion along with his claim of appeal and indicated that he received public assistance in the form of supplemental security income. Kabacinski also checked a box providing that he had limited income. Under that heading, Kabacinski identified his source of income as "social security" and identified the amount he receives each month. No other sources of income were disclosed. This Court granted Kabacinski's motion to waive fees as an administrative matter without explanation. *Kabacinski v Warren Election Comm*, unpublished order of the Court of Appeals, entered September 20, 2023 (Docket No. 367746).

Waiver of Kabacinski's fees would have been required even if he had identified his city council income in his motion. Under MCR 2.002(C)(5), fees must be waived whenever a party shows that they receive "any form of means-tested public assistance," including supplemental security income. Kabacinski produced supporting documentation from the Social Security Administration showing that he receives monthly disability benefits. Thus, his fees were properly

---

[6] Without elaboration, Newnan also requests in his appellate brief that we remand to the trial court to allow Newnan to seek sanctions for Kabacinski's "frivolous and vexatious prosecution" of this case. This Court may award damages for a "vexatious" appeal—that is, an appeal "taken for purposes of hindrance or delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal." MCR 7.216(C)(1)(a). A party's request for damages for a vexatious appeal "must be contained in a motion" filed under MCR 7.211, not in a brief. MCR 7.211(C)(8). Because Newnan failed to file a motion in accordance with MCR 7.211(C)(8), we decline to address his request.

waived under MCR 2.002(C)(5), and there is no basis to make payment of the waived fees a precondition to deciding this appeal.

Whether sanctions should be imposed in this case is a closer question. Under MCR 1.109(E)(5)(b), signing a document constitutes a certification that "to the best [of the signer's] knowledge, information, and belief formed after reasonable inquiry, the document is *well grounded in fact . . . .*" (Emphasis added.) "If a document is signed in violation of [MCR 1.109(E)(5)(b)], the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction . . . ." MCR 1.109(E)(6). Use of "shall" reflects a mandatory directive, such that sanctions are required when a court finds a violation of MCR 1.109(E)(5)(b). See *Guerrero v Smith*, 280 Mich App 647, 678; 761 NW2d 723 (2008) (discussing former MCR 2.114(E), which contained language identical to MCR 1.109).

While we agree that the evidence suggests Kabacinski did not disclose all his income, we are not persuaded that he violated MCR 1.109(E)(5)(b) by filing a document that he *knew* was not well grounded in fact. The form motion to waive fees identifies multiple grounds for waiver of fees, each designated by a capital letter, bold heading, and appearing in its own outlined box. Relevant here, Part A states that the movant receives some form of need-based public assistance and requires the movant to identify the type of assistance received. Part B states that the movant has limited income or resources and requires the movant to identify, among other things, the source of income and gross income. For the source of income, the form lists as examples an employer, social security, or retirement. Having already confirmed in Part A that he received public assistance, Kabacinski may have believed that Part B corresponded to his supplemental security income and that it was sufficient to disclose only that portion of his income. The documents attached to his motion reflect monthly benefits in the amount disclosed in Part B, such that the disclosure would be well grounded in fact to the best of his knowledge, information, and belief if he misunderstood that Part B referred to an independent basis for moving to waive fees. Given Kabacinski's status as a self-represented litigant, we are inclined to give him the benefit of the doubt and conclude that he did not violate MCR 1.109(E)(5)(b) by failing to disclose his city council income. See *Hein*, 337 Mich App at 115.[7]

We affirm.

/s/ Kristina Robinson Garrett
/s/ Michael J. Riordan
/s/ Anica Letica

---

[7] Because of our resolution of this appeal, it is unnecessary to address any additional arguments by Kabacinski or alternative grounds for affirmance raised by the defendants.