WALSH v. SECRETARY OF STATE.

1. MUNICIPAL CORPORATIONS—ANNEXATION—FAILURE OF APPROVAL IN ONE OF SEVERAL VOTING UNITS.

Proposition as to annexation of all 5 parcels, included in a single petition for annexation to city, failed of adoption, where it failed to obtain a favorable majority in 1 of the voting units, notwithstanding that a majority of voters both in the combined areas to be annexed and in the city to which the annexation was to be made gave their approval (CLS 1956, §§ 117.9, 117.11).

2. COSTS—PUBLIC QUESTION—ANNEXATION.

No costs are allowed in proceeding to determine whether or not some or all of 5 parcels were annexed to city, where proposition failed of approval in 1 of the voting units, a public question being involved (CLS 1956, §§ 117.9, 117.11).

Appeal from Ingham; Quinn (Timothy C.), J., presiding. Submitted March 2, 1959. (Calendar No. 48,155.) Decided March 9, 1959; opinion filed March 16, 1959.

REFERENCES FOR POINTS IN HEADNOTES
[1] 37 Am Jur, Municipal Corporations § 30.
[2] 14 Am Jur, Costs § 91.

Certiorari by Thomas C. Walsh against James M. Hare, Secretary of State, Edmund T. Blackmore, John B. Fay and Doris D. Cady, members of the Ingham County Board of Canvassers, and C. Ross Hilliard, Ingham County Clerk, to review and modify certificate of election and obtain approval of annexation to the city of Lansing of territory in Lansing township. Orville S. McElmurry intervenes as party plaintiff asking that territory in Delta township, Eaton county, included in original annexation petition, be annexed. From order approving annexation of Lansing township territory, defendants appeal and intervenor McElmurry cross-appeals. Reversed and remanded for entry of order quashing writ.

*Thomas C. Walsh, in propria persona.*

*George R. Sidwell (Raymond R. Joseph,* of counsel), for intervening plaintiff.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *Russell A. Searl,* Assistant Attorney General, for defendant Secretary of State.

*Jack W. Warren,* Prosecuting Attorney, and *Leo A. Farhat,* Assistant Prosecuting Attorney, for defendants Ingham County Canvassers and Clerk.

*Amici Curiae:*

*Joseph W. Planck,* for School District of the City of Lansing.

*Joseph Lavey,* City Attorney, for City of Lansing.

Per Curiam.   Certiorari by plaintiff Walsh, issued out of the Ingham circuit, to the defendant Secretary of State and the defendant members of the Ingham county board of canvassers.   From an order modifying an official certificate of election, prepared and filed by the defendant members of the county board of canvassers, all defendants plus intervening plaintiff McElmurry appeal on granted leave.

The facts requisite to determination of the controlling reviewable question appear in the opinion of the circuit judge as follows:

"On petition of plaintiff, the circuit court for the county of Ingham issued a writ of certiorari directed to defendants to test the results of an annexation election held November 4, 1958.   Defendants filed return to the writ; oral arguments were had December 19, 1958, and thereafter briefs were filed by all parties and *amici curiae* briefs were filed by the city of Lansing and the school district of the city of Lansing.   All facts are found in the pleadings and briefs; no testimony was taken.

"The facts disclose that such election was had following the filing of a proper petition with the Secretary of State under the provisions of CLS 1956, § 117.11 (Stat Ann 1957 Cum Supp § 5.2090). This petition asked for the submission to the voters of a proposition to annex to the city of Lansing 5 separate parcels of land; 4 of these are in Lansing township and are designated A, B, C, and D on the map attached to exhibit B of defendants' return; the fifth parcel is partly in Lansing township, Ingham county, and partly in Delta township, Eaton county, and is designated E on the same map.   Parcel E is the Stoner school district.   The board of canvassers certified the results of said election as follows:

|  | YES | No |
|---|---|---|
| Delta township inside affected area | 63 | 135 |
| Lansing township inside affected area | 1,723 | 1,200 |
| Delta township outside affected area | 955 | 1,117 |
| City of Lansing | 18,146 | 5,630 |
| Total | 19,101 | 6,747 |
| Lansing township outside affected area | 1,078 | 1,247 |
| City of Lansing | 18,146 | 5,630 |
| Total | 19,224 | 6,877 |

and that the proposal was not approved, 'a majority of the electors in 1 of the above-mentioned areas having failed to vote in favor of said proposal.' This certification resulted from an opinion of the attorney general and the prosecuting attorney of Ingham county to the effect that the proposal, as submitted, was indivisible and since it did not carry in all areas, it failed entirely.

"That is the gist of the position of the attorney general and prosecuting attorney in the present proceeding. Plaintiff contends that the proposal was divisible, and since it carried in all areas but Delta township, the Lansing township areas should be annexed. The school district of the city of Lansing contends the total annexation carried, since there was a favorable majority in all 5 areas (the combined vote in the areas to be annexed was 1,786 for and 1,335 against the proposal), and a favorable majority in the rest of the affected area, *viz.:* city of Lansing, Lansing and Delta townships outside the affected area, 20,179 for and 7,994 against. The city of Lansing takes the same view as the school district of the city of Lansing."

In accordance with the statutory petition but 1 proposition was submitted to the electors voting in

the city of Lansing, and in both Lansing township and Delta township. The ballot-question was whether *all* of the parcels, shown on the map and proposed for annexation, should be annexed to Lansing. The proposition failed because it did not get a "yes" vote in the territory of Delta township proposed to be annexed. As the attorney general contends, the proposal was a "package" proposition. Under the statute it was bound to fail should 1 of the voting units, such as the territory of Delta township, turn thumbs down by majority vote. That territory did so.

Nothing in the cited case of *Cook* v. *Kent County Board of Canvassers,* 190 Mich 149, or in the specific statutory provision on which the question is said to depend (CLS 1956, § 117.9 [Stat Ann 1957 Cum Supp § 5.2087]), offends such conclusion. It follows that the writ issued below should have been quashed.

The order of the circuit court is reversed and the case is remanded for entry of order as indicated. No costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.