CAVANAGH, J.
These consolidated appeals present two issues. First, we must address whether a single detachment petition and a single vote on that petition, pursuant to the terms of the Home Rule City Act, MCL 117.1 *569 et seq., may encompass territory to be detached from one city and added to more than one township.[1] Second, if a single detachment petition and a single vote may encompass territory to be added to more than one township, we must determine whether a writ of mandamus compels the Secretary of State to issue a notice directing an election on the change of boundaries sought by plaintiffs in each case. Because we conclude that the Home Rule City Act does not allow a single detachment petition and a single vote on detachment for adding territory to multiple townships, mandamus is not proper in these cases. Accordingly, the decisions of the Court of Appeals are affirmed.
I. STATEMENT OF FACTS AND PROCEEDINGS

CASCO TWP v SECRETARY OF STATE

Plaintiffs in this case are two adjacent townships— Casco Township and Columbus Township — and residents of those townships who seek to detach territory from defendant city of Richmond. The territory sought to be detached is territory that was previously annexed to the city of Richmond.
Plaintiffs seek to present the ballot issue covering both townships in a single petition. This would result in a single vote about whether to detach territory from the city of Richmond and add the territory to Casco Township and Columbus Township. The residents of one township would be voting on the return of property to their township, as well as the return of property to a township in which they do not reside. The Secretary of State refused to approve an election on plaintiffs’ petition because an election on the petition would allow *570 residents of one township to vote on, and possibly determine, a change in the boundaries of another township in which they do not reside.
Plaintiffs filed a complaint for mandamus and declaratory relief. The circuit court dismissed plaintiffs’ complaint for mandamus to compel the Secretary of State to act because it was not clear that a single petition seeking detachment from a city and addition of the territory to two townships was permitted by the Home Rule City Act. The Court of Appeals affirmed the decision of the circuit court. Casco Twp v Secretary of State, 261 Mich App 386; 682 NW2d 546 (2004). We granted plaintiffs’ application for leave to appeal and ordered that the case be argued and submitted with Fillmore Twp v Secretary of State, 471 Mich 890 (2004).

FILLMORE TWP v SECRETARY OF STATE

Plaintiffs are Fillmore Township and electors from four townships — Fillmore Township, Holland Charter Township, Park Township, and Laketown Township— and the city of Holland who want to detach territory from the city of Holland and add the territory to the four townships. Plaintiffs filed a joint detachment petition with the Secretary of State, asking that the petition be certified and that a single election be held regarding the territory that was proposed to be detached from the city of Holland. The Secretary of State refused to certify the petition because the petition involved an effort to detach territory for addition to more than one township.
Plaintiffs filed a complaint for mandamus in the Court of Appeals, and the complaint was held in abeyance pending the decision in the Casco Twp case. Unpublished order, entered May 19, 2003 (Docket No. 245640). Plaintiffs’ complaint was subsequently denied by the Court of Appeals on the basis of the Casco Twp *571 decision. Unpublished order, entered May 6, 2004 (Docket No. 245640). We granted plaintiffs’ application for leave to appeal and ordered that the case be argued and submitted with the Casco Twp case. 471 Mich 890 (2004).[2]
H. STANDARD OF REVIEW
The proper interpretation of a statutory provision is a question of law that this Court reviews de novo. Lincoln v Gen Motors Corp, 461 Mich 483, 489-490; 607 NW2d 73 (2000). A trial court’s decision regarding a writ of mandamus is reviewed for an abuse of discretion. In re MCI Telecom Complaint, 460 Mich 396, 443; 596 NW2d 164 (1999).
III. ANALYSIS
These cases involve an issue of statutory interpretation. The primary goal of statutory interpretation is to give effect to the intent of the Legislature. Id. at 411. The first step is to review the language of the statute. If the statutory language is unambiguous, the Legislature is presumed to have intended the meaning expressed in the statute and judicial construction is not permissible.
The Home Rule City Act, MCL 117.1 et seq., addresses four processes — incorporation, consolidation, annexation, and detachment.[3] The issue before this Court pertains only to the process of detachment. *572 Detachment means that territory is taken from an existing city and added to an existing township.
Section 6 of the Home Rule City Act, MCL 117.6, provides that a detachment be initiated by “proceedings originating by petition therefor signed by qualified electors who are freeholders residing within the cities, villages, or townships to be affected thereby . . . .” (Emphasis added.) Notably, MCL 117.8 and MCL 117.11 delineate the procedure for submitting a petition for a change of boundaries. MCL 117.8(1) provides in relevant part that “the board shall, by resolution, provide that the question of making the proposed incorporation, consolidation, or change of boundaries be submitted to the qualified electors of the district to be affected at the next general election or at a special election before the next general election.” (Emphasis added.) Likewise, MCL 117.11(2) provides that “the question of making the incorporation, consolidation, or change of boundaries petitioned for shall be submitted to the electors of the district to be affected.” (Emphasis added.) Michigan election law defines a qualified elector as “any person who possesses the qualifications of an elector as prescribed in section 1 of article 2 of the state constitution and who has resided in the city or township 30 days.”[4] MCL 168.10.
*573 Because Casco Township voters do not reside in Columbus Township, they are not “qualified electors” of Columbus Township who can sign a petition and vote on the detachment of territory from the city of Richmond for addition of the territory to Columbus Township. Likewise, because Columbus Township voters do not reside in Casco Township, they are not . “qualified electors” of Casco Township who can sign a petition and vote on the detachment of territory from the city of Richmond for addition of the territory to Casco Township. Therefore, a single petition and a single vote on multiple detachments violate the statutory language of the Home Rule City Act.
Additional support for this position is found in the statutory language used in other parts of the Home Rule City Act. MCL 117.9(1) defines the “district to be affected” as the following: “The district to be affected by every such proposed incorporation, consolidation, or change of boundaries shall be deemed to include the whole of each city, village, or township from which territory is to be taken or to which territory is to be annexed.” (Emphasis added.)
A change of boundaries for the district to be affected encompasses only one city and one township because a township’s voters can be qualified electors only in relation to their own township’s proposed change of boundaries and are affected only by their own township’s proposed change of boundaries. Therefore, it is only plausible that the “district to be affected” encompasses one city and one township. Accordingly, a single detachment petition and a single vote may only encompass territory to be added to one township.[5]
*574 Language in MCL 117.13, which sets forth the procedure following an election, further supports the principle that each township is considered a separate entity and there must be separate votes with respect to the territory to be detached from one city and added to each township. MCL 117.13 states, “Territory detached from any city shall thereupon become a part of the township or village from which it was originally taken ... .” This indicates that the “district to be affected” is limited to the city in which the territory is located and the single township that seeks the return of the territory.
Further, interpreting the “district to be affected” in detachment proceedings as the city from which the territory is to be detached and the township to which the territory is to be added recognizes that the consequences of detachment may be quite different for each township that seeks to gain property. For example, property rights and liabilities must be adjusted between the city and the township when there is a detachment. MCL 123.1. Debts must be apportioned and land may need to be sold. MCL 123.2; MCL 123.3. The potential for dramatically different consequences of detachment is clearly indicated in the Fillmore Twp case. Four townships seek to detach land from the city of Holland. The Fillmore Township parcel is 1,054 acres, the Holland Charter Township parcel is 3.33 acres, the Park Township parcel is 1.27 acres, and the Laketown Township parcel is 0.77 acres. It is reasonable to conclude *575 that the effect of detachment will be quite different when one parcel is 1,054 acres and one parcel is a mere 0.77 acres.
Moreover, allowing a single petition and a single vote on detachment from one city for the addition of territory to multiple townships does not allow voters to render a vote in support of the addition of territory to only one township. MCL 168.643a requires, in relevant part, the following:
A question submitted to the electors of this state or the electors of a subdivision of this state shall, to the extent that it will not confuse the electorate, be worded so that a “yes” vote will be a vote in favor of the subject matter of the proposal or issue and a “no” vote will be a vote against the subject matter of the proposal or issue.
However, a single vote on detaching territory from one city and adding the territory to multiple townships does not allow a voter who may only favor one of the multiple additions of territory to cast a “yes” vote. As stated by this Court in Muskegon Pub Schools v Vander Loan, 211 Mich 85, 87; 178 NW 424 (1920), “Separate subjects, separate purposes, or independent propositions should not be combined so that one may gather votes for the other.” In Yonder Laan, this Court noted that the erection of three new school buildings showed a common purpose and were part of a comprehensive plan to meet the educational needs of the city. In contrast, we find that detaching territory from one city and adding the territory to multiple townships does not indicate a common purpose because the needs and consequences of the additions to various townships may differ remarkably. Combining multiple additions of territory in a single detachment petition so that there is only a single vote indeed combines independent propositions “so that one may gather votes for the other.”
*576 When put into context, the text of the Home Rule City Act is unambiguous — a petition and a vote about detachment must involve only one city and one township. A contrary reading of the statutory language belies the fact that there will always be two parties to a detachment — the city and the township. Justice YQUNG’s focus on the word “each” in the statute ignores that the provisions must be read in context. Interpreting the word “each” to mean that a detachment petition can encompass more than one township is contrary to the statutory language that relates to qualified electors and ignores the fact that the Home Rule City Act encompasses four distinct procedures-incorporation, consolidation, annexation, and detachment. Language in the statute that at first may appear to indicate that multiple townships may be involved in a single detachment petition and a single vote must be read in context and in consideration of the statutory language regarding qualified electors. Significantly, residents of one township are not qualified electors in a detachment proceeding when it comes to determining a change of boundaries for another township, and the statute cannot properly be interpreted in this manner.[6]
Further, Justice YOUNG’s reliance on this Court’s decision in Walsh v Secretary of State, 355 Mich 570, 574; 95 NW2d 511 (1959), is misplaced. Walsh dealt with annexation, not detachment. Notably, in the multiple-township annexation at issue in Walsh, the votes of each territory were considered separately. In essence, a single township could “veto” the annexation fromtaking place, no matter how many voters approved of the annexation in other townships. In contrast, in the *577 detachment procedure at issue in these cases, the voters in a township have no “veto” power. The wishes of an entire township could effectively be ignored because voters in other townships believe that a detachment would be in their best interests. The “package” proposal in Walsh is hardly analogous to the detachment proceedings at issue in these cases.
Our conclusion that a single detachment petition and a single vote on that petition may only encompass territory to be added to one township is in accord with the unambiguous statutory language. Thus, the Legislature is presumed to have intended the meaning expressed in the statute and judicial construction is not permissible.
Finally, a writ of mandamus could be properly issued in these cases only if plaintiffs proved that (1) they had a clear legal right to the performance of the specific duty that they sought to be compelled, and (2) the Secretary of State had a clear legal duty to perform the act. In re MCI, supra at 442-443. Because the Home Rule City Act does not allow a single detachment petition and a single vote on that petition to encompass territory to be detached from one city and added to more than one township, there was no clear legal right to have the Secretary of State authorize each petition for a single vote. Therefore, there was no clear legal duty that required the Secretary of State to act, and the writs of mandamus were properly denied in both cases before this Court.
IV CONCLUSION
The Home Rule City Act, MCL 117.1 et seq., does not allow a single petition and a single vote to encompass detachment of territory from a city for the addition of that territory to multiple townships; thus, the Secre *578 tary of State did not have a clear legal duty to act. Therefore, mandamus was not an appropriate remedy. Accordingly, the decisions of the Court of Appeals are affirmed.
Taylor, C.J., and Weaver, Kelly, Corrigan, and Mark-man, JJ., concurred with CAVANAGH, J.

 While the Home Rule City Act, MCL 117.1 et seq., addresses various processes, the issue before this Court pertains solely to the process of detachment.

 Justice Young states that the majority “fails to convey adequately the true character of the boundary disputes at issue.” Post at 579. Yet the relevant facts are conveyed, and it is of no import if the history of these cases was contentious or of a calculated nature. The statutory analysis is the same whether the parties were friends, foes, or something in between.

 Recent amendments to the act do not affect the issue in this case.

 Const 1963, art 2, § 1 provides the following:
Every citizen of the United States who has attained the age of 21 years, who has resided in this state six months, and who meets the requirements of local residence provided by law, shall be an elector and qualified to vote in any election except as otherwise provided in this constitution. The legislature shall define residence for voting purposes.
Pursuant to US Const, Am XVI, the minimum voting age is now eighteen years.

 Other jurisdictions have held similarly. See, e.g., City of Lake Wales v Florida Citrus Canners Coop, 191 So 2d 453, 457 (Fla App, 1966) (A *574 qualified elector in area 1 cannot vote for the annexation in area 2 because the area 1 voter is not within the territory affected.); People ex rel Smith v City of San Jose, 100 Cal App 2d 57, 60; 222 P2d 947 (1950) (An annexation election was improperly held because voters had to vote for the annexation of two parcels and could not vote separately for the annexation of each parcel.).

 This is consistent with principles espoused in past cases from this Court. See, e.g., Robertson v Baxter, 57 Mich 127, 129; 23 NW 711 (1885) (“No person not hying in the township has any voice in its affairs.”).