# STATE OF MICHIGAN

# COURT OF APPEALS

BAY COUNTY CLERK,

       Plaintiff,

v

BAY COUNTY EXECUTIVE and BAY
COUNTY BOARD OF COMMISSIONERS,

       Defendants.

UNPUBLISHED
November 3, 2016

No. 331455
Original Action

Before: TALBOT, C.J., and MURPHY and STEPHENS, JJ.

PER CURIAM.

Defendants have moved for summary disposition of plaintiff's complaint pursuant to MCR 2.116(C)(8) and (10), while plaintiff has moved for summary disposition of two counts of the complaint. We grant in part and deny in part the motions, and refer the matter to a retired judge for further proceedings.

This action comes before this Court pursuant to 2013 amendments to the Uniform Budgeting and Accounting Act (UBAA). MCL 141.436(9) provides:

> (9) An elected official who heads a branch of county government or the chief judge of a court funded by a county has standing to bring a suit against the legislative body of that county concerning a general appropriations act, including any challenge as to serviceable levels of funding for that branch of county government or that court. If a court and the legislative body of a county are involved in mediation, before the chief judge of that court brings a suit on the court's own behalf against the legislative body of the county under this subsection, a mediator shall certify in writing that the parties are unable to resolve the issues by mediation. The court hearing a suit shall consider the financial ability of the county to pay when considering any challenge as to serviceable levels of funding.

MCL 141.438(6) provides that an elected official who heads a branch of county government has standing to bring suit against the chief administrative officer of that county concerning an action relating to the enforcement of a general appropriations act for that branch of county government. An action under section 16(9) or subsection (6) must be brought in the Court of Appeals. MCL 141.438(7) and (8).

(9) The court's jurisdiction over and review of the issues raised in a suit brought under subsection (7)(b) or (8)(b) is limited to that portion of the general appropriations act that is directly affected by the amendment or action.

(10) The jurisdiction of the court of appeals over a suit brought under subsection (6) or section 16(9) is exclusive and that jurisdiction or any judicial duties inherent in that jurisdiction shall not be transferred to any other court. However, the court of appeals may request the supreme court to assign a retired judge under section 226 of the revised judicature act of 1961, 1961 PA 236, MCL 600.226, to assist the court of appeals by resolving discovery issues, reviewing the evidence, making proposed findings of fact and conclusions of law, and performing any other necessary related judicial duties. [MCL 141.438(9) and (10).

A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. Summary disposition is proper when a claim is so clearly unenforceable as a matter of law that no factual development could justify recovery. *Simko v Blake,* 448 Mich 648, 654; 532 NW2d 842 (1995).

A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating the motion, a court considers the affidavits, pleadings, depositions, admissions, and other evidence submitted in the light most favorable to the nonmoving party. Where the evidence fails to establish a genuine issue of material fact, the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood,* 461 Mich 109, 120; 597 NW2d 817 (1999).

The first count of the complaint alleges that defendants have failed to provide a serviceable level of funding for the county clerk's office. The UBAA does not define what constitutes a serviceable level of funding. In *Wayne Co Prosecutor v Wayne Co Comm'rs,* 93 Mich App 114, 124; 286 NW2d 62 (1979), this Court defined a serviceable level of funding:

A serviceable level of funding is the minimum budgetary appropriation at which statutorily mandated functions can be fulfilled. A serviceable level is not met when the failure to fund eliminates the function or creates an emergency immediately threatening the existence of the function. A serviceable level is not the optimal level. A function funded at a serviceable level will be carried out in a barely adequate manner, but it will be carried out. A function funded below a serviceable level, however, will not be fulfilled as required by statute.

While defendants argue that the essential functions of the county clerk's office are being met, plaintiff has presented evidence that required election audits have not been completed, she has been unable to complete the microfilming necessary to preserve court records, financial reports are late, and invoices and requests are not being handled in a timely manner. Delays in processing required paperwork can establish the lack of a serviceable level of funding. *Wayne Co Prosecutor,* 93 Mich App at 125. The evidence presented by plaintiff was sufficient to establish a genuine issue of fact concerning the serviceable level of funding, and defendants' motion for summary disposition is denied as to that count.

The second count of the complaint seeks a declaratory judgment that all fees received by the county clerk from concealed pistol licensing under MCL 28.425x be under the control of the clerk and expended at her direction. MCL 28.425x provides:

> (1) Each county shall establish a concealed pistol licensing fund for the deposit of fees collected for the county clerk under this act. The county treasurer shall direct investment of the concealed pistol licensing fund and shall credit to the fund interest and earnings from fund investments.
>
> (2) Money credited to the county concealed pistol licensing fund shall be expended in compliance with the uniform budgeting and accounting act, 1968 PA 2, MCL 141.421 to 141.440a, subject to an appropriation. Expenditures from the county concealed pistol licensing fund shall be used by the county clerk only for the cost of administering this act. Allowable expenditures include, but are not limited to, any of the following costs of the county clerk:
>
> (a) Staffing requirements directly attributable to performing functions required under this act.
>
> (b) Technology upgrades, including technology to take fingerprints by electronic means.
>
> (c) Office supplies.
>
> (d) Document storage and retrieval systems and system upgrades.

To the extent that this involves a line item in the budget, this issue is properly before the Court as part of plaintiff's claims regarding a serviceable level of funding. To the extent that the issue concerns control over the concealed pistol licensing fund, it does not state a claim that is within the Court's jurisdiction under MCL 141.438(9). Defendants' motion for summary disposition is denied as to this count, with the understanding that plaintiff's claims are limited to the enforcement of the general appropriations act. Plaintiff's motion for summary disposition as to this count is also denied, as the statute specifically provides that money credited to the fund shall be expended in compliance with the UBAA, and not independently routed to the county clerk.

The third count of the complaint seeks a writ of mandamus requiring defendants to allocate sufficient resources to meet a serviceable level. To obtain a writ of mandamus, a plaintiff must have a clear legal right to the performance of the specific duty sought to be compelled, the defendant must have a clear legal duty to perform it, the act must be ministerial, and the plaintiff must be without other adequate legal or equitable remedy. *Casco Twp v Secretary of State*, 472 Mich 566, 577; 701 NW2d 102 (2005). The burden of proving entitlement to a writ of mandamus is on the plaintiff. *Citizens for Protection of Marriage v Bd of State Canvassers*, 263 Mich App 487, 492; 688 NW2d 538 (2004). The plaintiff must be without an adequate legal remedy. MCR 3.302(B); *Shepherd Montessori Center Milan v Ann Arbor Twp*, 259 Mich App 315, 347; 675 NW2d 271 (2003).

-3-

Here, plaintiff has an adequate legal remedy as reflected in count I of her complaint. While defendants may have a clear legal duty to provide funding for the operation of the county clerk, the level of that funding involves discretionary decision making. The motion for summary disposition as to the mandamus count is granted.

The fourth count seeks injunctive relief to prevent defendants from impairing the office of the county clerk. In determining whether to issue injunctive relief, a court must consider four factors: (1) harm to the public if the injunction issues; (2) whether harm to the applicant in the absence of temporary relief outweighs the harm to the opposing party if relief is granted; (3) the likelihood that the applicant will prevail on the merits; and (4) a demonstration that the applicant will suffer irreparable harm if the relief is not granted. *Thermatool Corp v Borzym,* 227 Mich App 366, 376; 575 NW2d 334 (1998).

Plaintiff has yet to establish any likelihood that she will prevail on the merits, and given the ongoing nature of the budget dispute, there is no showing that plaintiff will suffer irreparable harm if injunctive relief is not granted. The clerk's office staff was reduced by two in February 2011, and increased by one staff member in December 2015, which weighs against the finding of any imminent irreparable harm. Appropriate relief may be granted at the conclusion of the case. Count IV of the complaint is dismissed.

The issue of attorney fees remains under advisement, and will be addressed in a separate opinion. Further proceedings with regard to Counts I and II are to be held before a retired judge, who shall assist this Court "by resolving discovery issues, reviewing the evidence, making proposed findings of fact and conclusions of law, and performing any other necessary related judicial duties." MCL 141.438(10).

/s/ Michael J. Talbot
/s/ William B. Murphy
/s/ Cynthia Diane Stephens