*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

JONATHAN TOWNSEND,

Plaintiff-Appellant,

v

PONTIAC CITY ELECTION COMMISSION, and
PONTIAC CITY CLERK GARLAND DOYLE,

Defendants-Appellees,

and

TIMOTHY GREIMEL,

Intervenor-Appellee.

UNPUBLISHED
June 3, 2021

No. 357317
Oakland Circuit Court
LC No. 2021-187958-AW

---

Before: CAVANAGH, P.J., and SERVITTO and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals of right an order denying his request for mandamus or declaratory relief seeking to compel defendants, Pontiac City Election Commission and the Pontiac City Clerk, to not certify intervenor, Timothy Greimel, as a candidate for Mayor of the City of Pontiac under MCL 168.558(4). This appeal poses the question whether MCL 168.558(4) requires that a clerk reviewing an affidavit of identity (AOI) filed by a candidate who makes only true statements nonetheless must not certify the candidate because of an error in a campaign report. MCL 168.588(4) does not impose such a legal duty; therefore, we affirm.

## I. BACKGROUND

On April 16, 2021, to obtain consideration for certification to run for the Mayor of Pontiac, Greimel submitted his AOI, which referenced his address in Pontiac, where he has lived since July 2020. Two of his campaign reports, however, listed Greimel's former address in Auburn Hills, rather than his current Pontiac address. The AOI itself contained no errors in Greimel's address.

Plaintiff, a registered voter in Pontiac, brought the error to the attention of the Pontiac Election Commission on April 29, 2021. On April 30, 2021, Greimel submitted amended

campaign reports that reflected his current Pontiac address, although his former address also was referenced. On May 6, 2021, the Pontiac City Clerk certified Greimel to the Election Commission as a candidate for mayor.

On May 13, 2021, plaintiff brought the instant suit for mandamus and declaratory relief, arguing that defendants had a duty to determine Greimel's eligibility for office, and defendants should not have certified Greimel as a candidate under MCL 168.558(4) because of his false statements. Plaintiff moved for an order to show cause, arguing that Greimel's name should be removed from the ballot. Greimel, who was permitted to intervene, stated that the clerical error in his campaign reports should not disqualify him for the ballot, where his AOI did not contain any false statements. Defendants also opposed plaintiff's arguments.

The trial court ruled in relevant part that Greimel's statements in his AOI had complied with MCL 168.588(4), where he had filed the required campaign reports as of the date of his AOI. The court observed that plaintiff had not identified any false statement in Greimel's AOI, and MCL 168.588(4) did not require that campaign reports must be filed without any errors. This appeal followed.

## II. MANDAMUS

Plaintiff argues that the trial court erred in denying mandamus where the clerk had a clear legal duty to not certify Greimel's name for the ballot because his AOI contained a false statement, the evaluation of the false statement was a ministerial act, and no alternate remedy is available. We disagree.

This Court reviews a mandamus decision for an abuse of discretion. *Wilcoxon v City of Detroit Election Comm'n*, 301 Mich App 619, 630; 838 NW2d 183 (2013) (citation omitted). The Court applies de novo review to any related issue of statutory interpretation. *PT Today, Inc v Comm'r of Office of Fin & Ins Servs*, 270 Mich App 110, 133; 715 NW2d 398 (2006) (citation omitted). Also, whether a defendant has a clear legal duty to perform is a question of law reviewed de novo. *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016) (citation omitted).

"To obtain a writ of mandamus the plaintiff must show that it has a clear legal right to the performance of the specific duty sought to be compelled and that the defendant has a clear legal duty to perform the act." *Stand Up for Democracy v Secretary of State*, 492 Mich 588, 618; 822 NW2d 159 (2012) (citation omitted). The plaintiff also must show that "the act is ministerial," and that "no other adequate remedy exists." *Twp of Casco v Secretary of State*, 472 Mich 566, 621; 701 NW2d 102 (2005) (citations omitted) (YOUNG, J., concurring).

Plaintiff argues that he has a clear legal right to have Greimel removed from the ballot, and that the clerk has a clear legal duty to remove him, because two campaign reports listed his former

Auburn Hills address such that Greimel did not comply with MCL 168.558(4).[1] This issue requires this Court to interpret MCL 168.558(4).

This Court's primary task in interpreting and applying a statute is to perceive and give effect to the Legislature's intent. *Bauer v Saginaw Co*, 332 Mich App 174, 199; 955 NW2d 553 (2020) (citation omitted). The words of the statute are the most reliable evidence of the Legislature's intent and this Court must give each word its plain and ordinary meaning. *Safdar v Aziz*, 327 Mich App 252, 261; 933 NW2d 708 (2019) (citation omitted). "In interpreting the statute at issue, [this Court] consider[s] both the plain meaning of the critical words or phrase as well as 'its placement and purpose in the statutory scheme.'" *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999), quoting *Bailey v United States*, 516 US 137, 145; 166 S Ct 501; 133 L Ed 2d 472 (1995). When a statute's language is clear, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. *Anaya v Betten Chevrolet, Inc*, 330 Mich App 210, 219; 946 NW2d 560 (2019) (citations omitted).

MCL 168.558(4) provides:

(4) An affidavit of identity must include a statement that as of the date of the affidavit, all statements, reports, late filing fees, and fines required of the candidate or any candidate committee organized to support the candidate's election under the Michigan campaign finance act, 1976 PA 388, MCL 169.201 to 169.282, have been filed or paid; and a statement that the candidate acknowledges that making a false statement in the affidavit is perjury, punishable by a fine up to $1,000.00 or imprisonment for up to 5 years, or both. If a candidate files the affidavit of identity with an officer other than the county clerk or secretary of state, the officer shall immediately forward to the county clerk 1 copy of the affidavit of identity by first-class mail. The county clerk shall immediately forward 1 copy of the affidavit of identity for state and federal candidates to the secretary of state by first-class mail. An officer shall not certify to the board of election commissioners the name of a candidate who fails to comply with this section, or the name of a candidate who executes an affidavit of identity that contains a false statement with regard to any information or statement required under this section.[2]

Therefore, where a candidate acknowledges false statements in the AOI, that is perjury, and an officer shall not certify such a candidate to the ballot. This Court has recently ruled that, under the plain language of MCL 168.558(4), "the Clerk's duty is clear—if a candidate's AOI contains a false statement, the Clerk cannot certify that candidate's name to the Election Commission." *Burton-Harris v Wayne Co Clerk*, __ Mich App __; __ NW2d __ (Docket

---

[1] Plaintiff relies exclusively on MCL 168.558(4). Plaintiff does not allege that Greimel's AOI failed to contain the information required by MCL 168.558(2), which requires that candidates provide their residential address, among other information. Our analysis therefore rests on MCL 168.558(4).

[2] The final sentence requiring a clerk not to certify a candidate was added to the statute in a 2018 amendment. 2018 PA 650.

No. 353999, issued May 7, 2021); slip op at 9. In other words, "[t]he failure to supply a facially proper affidavit of identity (AOI), i.e., an affidavit that conforms to the requirements of the Election Law, is a ground to disqualify a candidate from inclusion on the ballot." *Stumbo v Roe*, 332 Mich App 479, 480; 957 NW2d 830 (2020) (citation omitted).

MCL 168.558(4) requires a candidate to attest in an AOI: (1) that as of the date of the AOI, all statements, reports, late filing fees, and fines required of the candidate or committee have been filed or paid; and (2) that the candidate acknowledges that making a false statement in the affidavit is perjury, punishable by a fine and/or imprisonment. Candidates are required to strictly comply with MCL 168.558. *Nykoriak v Napoleon*, __ Mich App __; __ NW2d __ (Docket No. 354410, issued October 22, 2020); slip op at 5.

Greimel's AOI included the first requisite statement that "as of the date of the affidavit, all statements, reports, late filing fees, and fines required of the candidate or any candidate committee . . . have been filed or paid . . . ." It also included the second required statement that "the candidate acknowledges that making a false statement in the affidavit is perjury, punishable by a fine up to $1,000.00 or imprisonment for up to 5 years, or both." In this regard, Greimel's AOI strictly complies with the requirements of MCL 168.558(4).

Plaintiff does not contend that Greimel's AOI contained a false statement related to the filing of campaign reports and campaign statements, or to the payment of late filing fees or fines. Plaintiff also does not allege that Greimel failed to acknowledge potential perjury and its resulting penalties. Because both statements appear in Greimel's AOI, and plaintiff does not allege that either is false, we conclude that the trial court correctly found that Greimel did not make a false statement in his AOI that would trigger a duty to not certify Greimel's name to the election commissioners.[3]

Greimel's campaign reports, not his AOI, contained the erroneous citation to his former Auburn Hills address. MCL 168.558(4) does not address the requirements for a candidate's campaign reports, nor does it indicate that a clerk should not certify a candidate if the campaign reports contain errors such as the clerical error in this case. Similarly, MCL 168.558(4) does not provide that making a false statement in a campaign report constitutes perjury. Because the plain language of MCL 168.558(4) does not address clerical errors in campaign reports, plaintiff's attempt to rely on that statute must fail.

We also observe that the campaign finance act sets forth a specific penalty for an error in a campaign statement as follows:

> (7) If a candidate, treasurer, or other individual designated as responsible for the record keeping, report preparation, or report filing for a committee required to file a campaign statement under subsection (1) knowingly files an incomplete or

---

[3] MCL 168.558(4) further provides that an officer shall not certify a candidate who executes an AOI that contains a false statement with regard to any information or statement required under this section. As illustrated above, the AOI itself did not contain a false statement. The clerk therefore was not under a legal duty to refrain from certifying Greimel.

inaccurate statement or report required by this section, that individual is subject to a civil fine of not more than $1,000.00. [MCL 169.235(7).]

Therefore, Greimel may have been liable for a civil fine for the inaccuracy in his campaign reports, but it does not follow that his name must not be certified as a candidate as a result. This conclusion is supported by MCL 168.558(6), which provides that "[a] violation of [MCL 168.558] for perjury is distinct and separate from any violation of the Michigan campaign finance act . . . ." We reject plaintiff's attempt to conflate the two separate statutes and their distinct penalties.

Our most recent cases addressing MCL 168.558(4) are in line with the above analysis. In *Burton-Harris*, this Court ruled that the clerk would have had a duty to not certify the candidate if the trial court had determined that the candidate actually had falsely attested in her AOI that all campaign reports had been filed. *Burton-Harris*, slip op at 10. In contrast, here the trial court correctly determined that Greimel did not make a false statement in his AOI; therefore, the clerk's duty not to certify was not triggered.

The *Nykoriak* Court determined that the candidate's AOI strictly complied with the notarization requirements and the AOI contained all of the remaining statutory requirements. *Nykoriak*, slip op at 7. The same is true here, where Greimel's AOI satisfied the statutory requirements. Additionally, this Court in *Stumbo* concluded that the alleged defect in the AOI, that the candidate's signature date differed from the notarization date, did not constitute a fatal defect such that the officer was obliged to certify the candidacy to the election commissioners. *Stumbo*, 332 Mich App at 479. Here, like *Stumbo*, Greimel filed a compliant AOI; therefore, the clerk correctly certified his candidacy to the election commissioners.

In sum, Greimel's AOI did not contain a false statement, as the error relied on by plaintiff was confined to two of Greimel's campaign reports. Michigan's statutory scheme provides a separate civil fine as an optional remedy for an inaccuracy in a candidate's campaign reports and neither the campaign finance act nor MCL 168.558(4) provide that an error in a campaign report should result in a candidate not being certified. Where the AOI does not reflect a false statement, the clerk did not have a duty to not certify Greimel's name to the commission, and plaintiff has not shown that he is entitled to the extraordinary remedy of mandamus.[4]

## III. DECLARATORY RELIEF

Plaintiff also argues that the trial court should have granted declaratory relief as an alternative to mandamus, and offers the same substantive arguments in support of declaratory relief

---

[4] In light of our conclusion that plaintiff's suit must fail for lack of a clear legal duty, it is unnecessary for this Court to address defendants' arguments that the doctrine of laches should bar relief, that the commission cannot be compelled to perform a legal duty at this juncture, or that plaintiff had an available alternate legal remedy in a *quo warranto* action.

as he does for mandamus. In light of our conclusion that plaintiff is not entitled to relief pursuant to the plain language of MCL 168.558(4), he would not prevail in a declaratory action.

Affirmed.


/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto
/s/ Colleen A. O'Brien