*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

OAKLAND CARES COALITION,

UNPUBLISHED
September 1, 2021

Plaintiff-Appellant,

v

No. 358304
Oakland Circuit Court

GWENDOLYN TURNER,

LC No. 2021-189358-AW

Defendant-Appellee.

Before: MURRAY, C.J., and SERVITTO and O'BRIEN, JJ.

PER CURIAM.

Plaintiff Oakland Cares Coalition, a ballot question committee, appeals of right the August 12, 2021 order of the Oakland Circuit Court, which denied its complaint for mandamus to compel defendant Gwendolyn Turner, the Clerk of Royal Oak Township, to certify its initiative petition for the November 2021 ballot.[1]  We reverse.

## I.  FACTS

For the upcoming election on November 2, 2021, plaintiff seeks to have a proposal placed on the ballot pursuant to the Michigan Regulation and Taxation of Marihuana Act (MRTMA), MCL 333.27951 *et seq*.,[2] which in 2018 decriminalized the use of marijuana for adults over the age of 21 and provided for the legal production and sale of marijuana.  The MRTMA permits individuals to petition for an ordinance regarding marijuana establishments: "[i]ndividuals may petition to initiate an ordinance to provide for the number of marihuana establishments allowed within a municipality or to completely prohibit marihuana establishments within a

---

[1] This Court granted plaintiff's motion to expedite this appeal.  *Oakland Cares Coalition v Turner*, unpublished order of the Court of Appeals, issued August 31, 2021 (Docket No. 358304).

[2] Although the act uses the spelling "marihuana," we use the more common spelling "marijuana" in this opinion.

municipality . . . ." MCL 333.27956(1). Such initiative petitions are subject to MCL 168.488 and MCL 168.482, which address a petition's size, font, form, and contents.

Plaintiff timely submitted a petition to defendant to support ballot wording for certification to the county clerk under MCL 168.646a(2), which sets forth certain procedures for township clerks to certify voter-initiated ballot language to county clerks. The statutory deadlines assure that the local petitions are canvassed by the local clerks in a timely fashion that allows for certification to the county clerks for inclusion on the ballot. Petitions to place a local ballot question on the ballot must be filed with the clerk at least 14 days before the date the ballot wording must be certified to the local clerk. By 4:00 p.m. on the twelfth Tuesday before the election, the ballot wording of the ballot question must be certified to the proper local or county clerk. The local clerk is obliged to certify the ballot wording to the county clerk at least 82 days before the election. Here, the twelfth Tuesday before the November 2, 2021 election was Tuesday, August 10, 2021. Eighty-two days before the November 2021 election was Thursday, August 12, 2021. Fourteen days before August 10, 2021, was July 27, 2021.

On July 12, 2021, plaintiff filed its petition regarding the proposed ordinance with defendant. On July 20, 2021, defendant emailed plaintiff's attorney that the petition had sufficient signatures. Defendant then requested a legal opinion regarding whether the proposed ordinance violated the title-object clause of the 1963 Michigan Constitution. Counsel opined that the title did not adequately express the content of the proposed ordinance and the title and ordinance encompass more than one object. On July 26, 2021, defendant sent a second e-mail to plaintiff's counsel declining to certify the ballot wording on the basis that the proposed ordinance violated Article 4, § 24 of Michigan's 1963 Constitution.

Plaintiff filed the instant suit for declaratory and mandamus relief in the circuit court on August 4, 2021, along with an ex parte motion for an order to show cause why a writ of mandamus should not issue. Plaintiff argued that defendant had a duty under MCL 168.646a(2) to timely certify the language of the proposed ballot question to the Oakland County Clerk. Plaintiff maintained that defendant, rather than certify the ballot wording, instead engaged in an ultra vires assessment of the legality of the proposed ordinance. On August 9, 2021, the circuit court granted the motion for show cause.

In her response in opposition to a writ of mandamus, defendant acknowledged that plaintiff had cited caselaw holding that substantive challenges to a proposed initiative are improper until after the law is enacted. Defendant maintained, however, that the cited cases, which involved the Home Rule City Act (HRCA), MCL 117.1 *et seq.*, did not apply to townships. Defendant maintained that MCL 168.646a certification requires clerks to review the legal sufficiency of the ballot wording. Defendant added that a clerk's duty to certify the wording becomes ministerial only after the clerk determines that the ballot wording is legally sufficient.

The court opined that MCL 168.646a requires clerks to do more than just simply count or verify the signatures, but also must determine the legal sufficiency of the ballot wording. The court concluded that the plain ordinary meaning of the language in MCL 168.646a(2) required a legal determination. The court agreed with defendant that the wording was legally insufficient under Article 4, § 24 of Michigan's 1963 Constitution. The title of the proposed ordinance did not adequately express the content as it identifies two objects, even though one of those objects is not

-2-

further discussed in the proposed ordinance. The court also ruled that a clerk's duty is not ministerial until the clerk determines that the wording is legally sufficient. In line with that reasoning, the court decided that the clerk did not have a clear legal duty to certify the ballot wording, and denied plaintiff's request for mandamus. Plaintiff filed the instant application 14 days later.[3]

## II. DISCUSSION

### A. STANDARD OF REVIEW

This Court reviews for an abuse of discretion a trial court's decision regarding a writ of mandamus. *Citizens Protecting Michigan's Constitution v Sec'y of State*, 503 Mich 42, 59; 921 NW2d 247 (2018). Whether a plaintiff has a clear legal right, and a defendant has a clear legal duty to perform, are questions of law subject to de novo review. *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016) (citation omitted). Questions of statutory interpretation likewise undergo de novo review. *TCF Nat'l Bank v Dep't of Treasury*, 330 Mich App 596, 605; 950 NW2d 469 (2019).

### B. ANALYSIS

Mandamus is the proper remedy for a party seeking to compel election officials to carry out their duties. See, e.g., *Wolverine Golf Club v Sec'y of State*, 24 Mich App 711, 716; 180 NW2d 820 (1970). Mandamus is an extraordinary remedy. *O'Connell v Director of Elections*, 316 Mich App 91, 100; 891 NW2d 240 (2016). Whether a writ issues is within the discretion of the court. *Moore v Genesee Cty*, __ Mich App __; __ NW2d __ (issued June 24, 2021, Docket No. 355291), slip op at 4. Specifically, the plaintiff has the burden to show:

> (1) a clear legal right to the act sought to be compelled; (2) a clear legal duty by the defendant to perform the act; (3) that the act is ministerial, leaving nothing to the judgment or discretion of the defendant; and (4) that no other adequate remedy exists. [*Twp of Casco v Secretary of State*, 472 Mich 566, 621; 701 NW2d 102 (2005), YOUNG, J., concurring in part.]

Plaintiff is a duly registered ballot question committee. It has a clear legal right to have the clerk accept the petition and certify the wording of the ballot, if proper to do so.

A clerk has a duty to certify the ballot wording pursuant to MCL 168.646a. The parties dispute to what degree "certification" under MCL 168.646a includes a clerk's analysis of the

---

[3] Plaintiff's delay in filing is mystifying considering the speed in which the circuit court acted in this expedited election matter, and the deadline imposed upon this Court given the imminent printing of the ballots. We do not encourage plaintiff's conduct in this litigation, some of which smacked of gamesmanship, as our Supreme Court has long cautioned against waiting until the eleventh hour to challenge election matters. See *Schwartz v Sec'y of State*, 393 Mich 42, 50 n 5; 222 NW2d 517 (1974).

proposed initiative language. Accordingly, this issue involves the interpretation of that statute. The principles involved in statutory interpretation have been explained as follows:

> This Court's primary task in interpreting and applying a statute is to discern and give effect to the intent of the Legislature. The words of the statute are the most reliable evidence of the Legislature's intent and this Court must give each word its plain and ordinary meaning. In interpreting the statute at issue, [this Court] . . . consider[s] both the plain meaning of the critical words or phrase as well as its placement and purpose in the statutory scheme. When a statute's language is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. [*Nykoriak v Napoleon,* __ Mich App __; __ NW2d __ (issued October 22, 2020, Docket No. 354410), slip op at 2 (quotation marks and citations omitted)].

The section of MCL 168.646a pertaining to a local clerk's duty to certify ballot questions provides:

> (2) If a ballot question of a political subdivision of this state including, but not limited to, a county, city, village, township, school district, special use district, or other district is to be voted on at a regular election date or special election, the ballot wording of the ballot question must be certified to the proper local or county clerk not later than 4 p.m. on the twelfth Tuesday before the election. If the wording is certified to a clerk other than the county clerk, the clerk shall certify the ballot wording to the county clerk at least 82 days before the election. Petitions to place a county or local ballot question on the ballot at the election must be filed with the clerk at least 14 days before the date the ballot wording must be certified to the local clerk. [MCL 168.646a(2).]

Under the plain language of the statute, defendant "shall certify the ballot wording to the county clerk at least 82 days before the election." In *Warren City Council v Buffa*, 333 Mich App 422; 960 NW2d 166 (2020), a case involving the failure of the defendant Buffa, the city clerk, to certify ballot wording, this Court ruled in part that "MCL 168.646a(2) requires that the ballot language be certified *to* Buffa, not *by* Buffa." *Id.* at 433. The Court concluded that Buffa had a clear legal duty to certify the ballot to the county clerk because the ballot language was certified to her before the deadline. *Id.* at 434. Similarly, in *Coalition for a Safer Detroit v Detroit City Clerk*, 295 Mich App 362; 820 NW2d 208 (2012), this Court opined that it was not within the scope of the clerk's authority to assess the substance of the petition or to determine whether, if passed, it would conflict with state law. *Id.* at 371. MCL 168.646a did not give the clerk the discretion to review the substance or effect of the proposal itself. *Id.* Pursuant to *Coalition for a Safer Detroit* and *Warren City Council*, defendant here had a clear legal duty under MCL 168.646a to certify the ballot wording.

Here, rather than certify the wording, defendant sought a legal opinion. However, "judicial preelection determinations regarding the legality of ballot proposals are disfavored as an undue interference with the legislative process—including the initiative process, the most direct form for

citizens to pass laws." *Coalition for a Safer Detroit*, 295 Mich App at 374.[4]  It follows that a township clerk's attempt to declare that a ballot proposal is illegal before an election should not be countenanced.[5]

Further, the legal opinion obtained by defendant focused on the title and content of the proposed ordinance, not on the ballot wording.[6]  This was error, as the only item for certification by defendant was the wording of the ballot question, as set forth in the clear language of MCL 168.646a(2).  The circuit court continued this error by considering the title and content of the proposed ordinance, rather than the ballot question.[7]

We next examine whether the certification of the ballot wording is ministerial.  "A ministerial act is one in which the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Hillsdale Co Senior Servs, Inc v Hillsdale Co*, 494 Mich 46, 58 n 11; 832 NW2d 728 (2013) (quotation marks and citation omitted).

In *Warren City Council*, this Court held that the language of MCL 168.646a(2) provides "no room for discretion."  333 Mich App at 435.  Where the statute uses the word "shall" to describe the local clerk's duty to certify the ballot language to the county clerk, no discretion is involved.  *Id*.  The word "shall" is a mandatory directive; it does not allow for discretion.  *Id*. "Because the ballot language was certified to Buffa before the August 11, 2020 deadline, she was obliged by law to then certify the language to the Macomb County Clerk before August 13, 2020." *Id*. at 435.  The same is true here.  Defendant was obliged to certify the ballot wording to the county clerk.

Finally, plaintiff must demonstrate that it has no other remedy.  Mandamus typically is appropriate to compel the performance of election-related duties.  *Attorney General v Bd of State Canvassers*, 318 Mich App 242, 248; 896 NW2d 485 (2016) (citation omitted).  Plaintiff therefore

---

[4] We are unpersuaded by defendant's argument that we should not rely upon caselaw premised on the HRCA, which does not apply to townships.  Given the similarity between the mandatory duty of a local clerk under the HRCA (the clerk "shall submit the proposed amendment to the electors" in MCL 117.25(3)) and the election law (the clerk "shall certify the ballot wording to the county clerk" in MCL 168.646a(2)), defendant's argument is unavailing.

[5] We therefore take no position on the legality of the proposed ordinance.

[6] We reject defendant's attempt to create a distinction between "ballot wording" and "ballot question," as well as her contention clerks are not to certify ballot questions, but only ballot wording.  The statute states that the "the ballot wording of the ballot question" must be certified to the local clerk, and if "the wording" is certified to the local clerk, the local clerk shall certify "the ballot wording" to the county clerk.  MCL 168.646a(2).  References to "the wording," can be interpreted as merely a shorthand way to denote "the ballot wording of the ballot question" such that we do not recognize the distinction made by defendant.

[7] Indeed, the circuit court record does not contain a copy of plaintiff's petition, so the circuit court's review was confined to the proposed ordinance.

has shown that it is entitled to mandamus and the circuit court abused its discretion in refusing to issue the writ.

## III.  CONCLUSION

We reverse the circuit court's order denying plaintiff's request for a writ of mandamus. Pursuant to MCL 168.646a(2), defendant is directed to immediately certify the ballot language to the county clerk.  No costs may be taxed under MCR 7.219, a public question being involved. This opinion shall have immediate effect under MCR 7.215(F)(2).  We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Colleen A. O'Brien