*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CLIO YES 2024,

        Plaintiff-Appellant,

v

KELLY SPROUL, in her capacity as
the City Clerk for the City of Clio, and
THE CITY COMMISSION OF THE
CITY OF CLIO,

        Defendants-Appellees.

UNPUBLISHED
September 6, 2024

No. 372312
Genesee Circuit Court
LC No. 24-121378-CZ

Before: YATES, P.J., and MURRAY and FEENEY, JJ.

PER CURIAM.

Plaintiff Clio Yes 2024 appeals by right the August 29, 2024 circuit court order denying its motion to show cause why a writ of mandamus should not issue and dismissing its complaint for declaratory relief to compel defendants to place its initiative amendment on the November 2024 ballot. We granted plaintiff's motion to expedite,[1] and now affirm, albeit for reasons other than those provided by the trial court.

Plaintiff is a ballot question committee promoting a proposed initiative petition for the November 2024 ballot that would amend the City of Clio's Charter to end the city's prohibition of recreational marijuana establishments, allow for no more than two such establishments to operate within the City, and set forth various requirements, including but not limited to, application scoring procedures, timelines, provisional licensing, and renewal fees. This appeal arises out of the refusal of defendant Kelly Sproul, the City Clerk for the City of Clio, to certify plaintiff's ballot initiative because plaintiff failed to obtain sufficient signatures for its initiative petition and did not properly identify the City of Clio electors on the face of the petition.

---

[1] *Clio Yes 2024 v Sproul,* unpublished order of the Court of Appeals, entered September 3, 2024 (Docket No. 372312).

This Court reviews de novo questions of law in declaratory actions, and the court's denial or grant of declaratory relief is subject to an abuse of discretion standard of review. *Reed-Pratt v Detroit City Clerk*, 339 Mich App 510, 516; 984 NW2d 794 (2021). This Court also applies the abuse of discretion standard to review a trial court's decision regarding a writ of mandamus. *Citizens Protecting Michigan's Constitution v Secretary of State*, 503 Mich 42, 59; 921 NW2d 247 (2018). However, whether a plaintiff has a clear legal right, and a defendant has a clear legal duty to perform, are questions of law subject to de novo review. *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016) (citation omitted). The interpretation of a municipal charter presents a question of law that this Court likewise reviews de novo. *Warren City Council v Fouts*, 345 Mich App 105, 116; 4 NW3d 79 (2022).

Mandamus is the proper remedy for a party seeking to compel election officials to carry out their duties. See, e.g., *Wolverine Golf Club v Secretary of State*, 24 Mich App 711, 716; 180 NW2d 820 (1970), aff'd 384 Mich 461 (1971). Mandamus is an extraordinary remedy, *O'Connell v Dir of Elections*, 316 Mich App 91, 100; 891 NW2d 240 (2016), and whether a writ issues is within the discretion of the court. *Moore v Genesee Co*, 337 Mich App 723, 731; 976 NW2d 921 (2021). Specifically, to obtain relief the plaintiff has the burden to show:

> (1) a clear legal right to the act sought to be compelled; (2) a clear legal duty by the defendant to perform the act; (3) that the act is ministerial, leaving nothing to the judgment or discretion of the defendant; and (4) that no other adequate remedy exists. [*Twp of Casco v Secretary of State*, 472 Mich 566, 621; 701 NW2d 102 (2005) (YOUNG, J., concurring in part) (citations omitted).]

To meet the first element, a clear legal right, plaintiff must show that it met the threshold number of signatures for an initiative petition to amend the Clio City Charter. In making this argument to the trial court and this Court, plaintiff exclusively argues that Section 5.10 of the Charter does not govern the number of signatures required for petitions, and instead the proper number of signatures is provided in the Home Rule Cities Act (HRCA), MCL 117.1 *et seq*. The difference between the two is the Charter provision requires signatures of at least 15% of the registered electors of the city, while the HRCA requires only 5% of the number who voted in the prior gubernatorial election in the city. MCL 117.25(1). The trial court ruled that the Charter provision applied, as the issue of whether the city should have marijuana dispensaries was a local matter. See *Utica State Savings Bank v Oak Park*, 279 Mich 568, 579; 273 NW 271 (1937) (when a city charter provision conflicts with a state statute, the statute controls in matters that are not of "purely local character.").

Were we to rule on the issue as presented by plaintiff, we would agree with the trial court that the petition, which concerns the establishment and location of marijuana retailers in the City of Clio, is a local matter and subject to the Charter requirements. The question here is not whether those proposed establishments would conform to the state law governing these establishments, the Michigan Regulation and Taxation of Marihuana Act (MRTMA), MCL 333.27951 *et seq*., as argued by plaintiff. Rather, the question raised by the petition is whether Clio's City Charter should be amended to allow for marijuana retailers within the city borders at all. The question of whether a city will allow the operation of marijuana retailers within the city does not impact any entity other than the city, does not impact anyone outside the city borders, and is a matter of purely local concern. This is evidenced by the fact that the MRTMA provides cities with the authority to

decide whether to establish or prohibit marijuana retailers within their city limits. See MCL 333.27956(1) (providing in part that "[e]xcept as provided in [MCL 333.27954], a municipality may completely prohibit or limit the number of marihuana establishments within its boundaries."). And, of course, Clio had already exercised that authority by enacting the ordinance precluding such establishments.

But we need not make a definitive ruling on that issue, for neither party has raised the fact that the MRTMA contains a 5% signature requirement for petitions to initiate an ordinance like the amendment petition at issue here. See MCL 333.27956(1). This is, of course, the same statutory subsection that contains the provision allowing cities to determine whether to have marijuana establishments, and how to do so through an initiative petition. *Id*. It would seem plain that this provision controls, and supports plaintiff's position that the petitions had a sufficient threshold of signatures (prior to any review).

However, even if that legal conclusion is correct, plaintiff was still not entitled to a writ of mandamus. For, after we granted plaintiff's motion for an expedited appeal, this Court issued *City of Farmington v Farmington Survey Comm*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 372022), which held that under the MRTMA "individuals may petition for *an ordinance* to completely prohibit or set the number of marijuana establishments. This is the *only* voter-initiated power given to individuals with regard to the local regulation of marijuana, and a petition that exceeds this authority should not be placed on the ballot." *City of Farmington*, ___ Mich App at ___; slip op at 9 (emphasis in original). See also *id*. at ___; slip op at 10 ("individuals of the electorate are afforded one narrow power of initiative: to seek an ordinance prohibiting or setting the number of marijuana retail establishments."). In *City of Farmington,* the petitions sought to amend the four cities' charters to allow and regulate two marijuana establishments. *Id*. at ___; slip op at 2. Some of the regulations in the proposed amendments covered the same matters in plaintiff's proposed amendment here, i.e., establishing an application process, selection criteria, licenses and fees, while still giving the city councils some power to regulate the establishments. *Id*. This Court, like the trial court, held that because the proposed amendments contained regulations beyond simply declaring whether, and if so how many, establishments would be permitted in the cities, they exceeded what was permitted under the MRTMA. As here, the petitions in *City of Farmington* were attempted amendments to the existing charters, rather than a proposed initial ordinance, and the petitions were held improper because of their attempt to provide regulations that were, as a matter of statute, relegated to the discretion of city councils. *Id*. at ___; slip op at 9-10. Because the proposed amendments exceeded what was permissible under the MRTMA, they could not be placed on the ballots. *Id*.

Likewise, plaintiff's proposed amendment exceeds what the MRTMA allows; thus, it is not eligible to be placed on the ballot.[2] As noted earlier, the proposed amendments to the existing Charter contain regulations for the approval of marijuana establishments, well beyond simply indicating that such establishments are approved to do business in the city, and how many. This

---

[2] In light of that conclusion, we need not address the issue of whether the petition properly identified the City of Clio electors on its face.

case falls squarely within the holding of *City of Farmington*.  For this reason, the circuit court did not abuse its discretion in determining that a writ of mandamus should not enter.

Affirmed.

/s/ Christopher P. Yates
/s/ Christopher M. Murray
/s/ Kathleen A. Feeney